UNITED STATES *v.* SEMON BACHE & Co. (No. 3697) [1]

---

[1] T.D. 46750.

United States Court of Customs and Patent Appeals, November 6, 1933

*Charles D. Lawrence,* Assistant Attorney General (*Hugo P. Geisler* and *Ralph Folks,* special attorneys, of counsel), for the United States.
*Jerome G. Clifford* for appellee.

[Oral argument October 11, 1933, by Mr. Folks and Mr. Clifford]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellee imported and made 13 entries of glass circles with ground edges at various dates during the year 1931, at the port of New York. These were each severally classified by the collector as manufactures of glass not specially provided for, at 50 per centum ad valorem under section (d) of paragraph 230 of the Tariff Act of 1930, which is as follows:

PAR. 230. (d) All glass, and manufactures of glass, or of which glass is the component of chief value, except broken glass or glass waste fit only for remanufacture, not specially provided for, 50 per centum ad valorem.

The importers severally protested, claiming the goods to be dutiable as sheet glass at 1⅛ cents per pound under paragraph 219 of said act, and with an additional rate of 5 per centum ad valorem as beveled glass under paragraph 224 of said act. An alternative claim was also made under paragraph 1558 of said act as manufactured, or unmanufactured, unenumerated articles, with a claim also under paragraph 1559 of said act, the similitude provision.

The trial court sustained the protests as to certain of the imported articles represented by Exhibits 1 and 2, introduced in evidence, and overruled the protests in all other respects. The Government has appealed, claiming that the court erred and that the classification made by the collector of these articles as manufactures of glass was correct and should be sustained.

The portions of said paragraphs 219 and 224 which are material are as follows:

PAR. 219. Cylinder, crown, and sheet glass, by whatever process made, and for whatever purpose used, not exceeding one hundred and fifty square inches, 1⅛ cents per pound; * * *.

PAR. 224. Plate, rolled, cylinder, crown, and sheet glass, and glass mirrors exceeding in size one hundred and forty-four square inches, by whatever process made, when bent, frosted, sanded, enameled, beveled, etched, embossed, engraved, flashed, stained, colored (except glass not plate glass and not less than one fourth of one inch in thickness, when obscured by coloring prior to solidification), painted, ornamented, or decorated, shall be subject to a duty of 5 per centum ad valorem in addition to the rates otherwise chargeable thereon.

One witness was called in the court below—the vice president of the importing company. He offered in evidence two samples of merchandise which were said to accurately represent the imported merchandise. Exhibit 1 consists of glass circles, each thirteen sixteenths inch in diameter and two sixteenths inch in thickness. These have ground edges, cut on a slight bevel. Exhibit 2 consists of similar glass circles, each one half inch in diameter, two sixteenths inch in thickness, and also with similar beveled edges. These exhibits are made of sheet glass. The testimony shows they are used for various purposes, namely, as glass for typewriter keys, on adding machines, for mirrors, for dials on various instruments, for sight feed glasses, on meters, as blanks for lenses, in lamps and lanterns, for peep holes, cash registers, vending machines, toys and games, locket frames, telephone switchboards, and for a great many other purposes. No major use of any of these is shown. When they are used for mirrors they are silvered on the back: when used for lenses. except plano lenses, they are ground to the proper shape. They are commonly called circles, although no proof of commercial designation was offered.

The importing company is a manufacturer of mirrors and finished plate and sheet glass, and, as a part of its business, it bevels, grinds, frosts, and enamels glass. When these circles are ordered by a customer, the witness testified that the size was specified and, if any additional work was to be done on them, this was also specified. Thereafter the importer finished the circles according to the order and thus filled the order.

On this record we are satisfied the trial court reached the proper conclusion. As we said in *Kotakudo Co.* v. *United States*, 17 C.C.P.A. (Customs) 355, T.D. 43798—

This court is committed to the doctrine that an imported article may be classified as a manufacture of anything only when it has been dedicated to some exclusive use. * * * This exclusive use is not necessarily confined to any one article, but may cover "a particular kind or class or articles."

A consistent and long-continued series of decisions are to this effect. *United States* v. *Am. Thermo-Ware Co.*, 4 Ct. Cust. Appls. 21, T.D. 32218; *Bache & Co.* v. *United States*, 11 Ct. Cust. Appls. 314, T.D. 39129; *United States* v. *Berger & Co.*, 13 Ct. Cust. Appls. 362, T.D. 41258; *United States* v. *Strauss & Buegeleisen*, 20 C.C.P.A. (Customs) 378, T.D. 46184.

The language of said paragraph 219, "sheet glass * * * for whatever purpose used", is very comprehensive and extends to all such glass, so long as it remains sheet glass, or material only. The language of said paragraph 224 plainly intends that such glass may still remain and be dutiable as glass, even though it has been subjected to the manufacturing processes named in the paragraph, such as beveling. The glass imported here, having many substantial uses in different classes of articles, is material, was properly held to be dutiable under said paragraphs 219 and 224, and the judgment of the United States Customs Court is *affirmed*.