OVERTON & CO. v. UNITED STATES (No. 705).[1]

SURFACE-COATED PAPER WITH LITHOGRAPHICALLY PRINTED COLORED DESIGNS.

The merchandise consisted of sheets of paper lithographically printed with colored designs, and not exceeding eight one-thousandths of an inch in thickness. Paragraph 412, tariff act of 1909, contains unmistakable evidence that Congress intended to name the exceptions to its application, and that apart from those exceptions it was meant to cover, as is there expressly declared, articles composed wholly or in chief value of paper lithographically printed, in whole or in part, whether such articles are or are not *ejusdem generis* with those first designated. The merchandise is dutiable under that paragraph.

United States Court of Customs Appeals, January 11, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7231 (T. D. 31653).

[Affirmed.]

*Churchill & Marlow (Wm. A. Hines* of counsel) for appellants.
*Wm. L. Wemple,* Assistant Attorney General (*Thos. J. Doherty* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise here is sheets of paper about 32 by 43 inches in size, under eight one-thousandths of 1 inch in thickness, having a coated surface embellished with floral designs in various colors, lithographically printed. These embellishments are called running designs, and represent roses, apple blossoms, or other floral subjects, and are repeated throughout the dimensions of the sheet. The sheets are intended to be cut into various smaller sizes for the purpose of covering and ornamenting boxes or for lining books. It is invoiced as fancy papers, and was assessed for duty at 20 cents per pound under paragraph 412 of the act of August 5, 1909, as lithographic prints under eight one-thousandths of 1 inch in thickness. We insert here the material portions of that paragraph:

412. Pictures, calendars, cards, labels, flaps, cigar bands, placards, and other articles, composed wholly or in chief value of paper, lithographically printed in whole or in part from stone, metal, or material other than gelatin (except boxes, views of American scenery or objects, and music, and illustrations when forming part of a periodical or newspaper, or of bound or unbound books, accompanying the same, not specially provided for in this section), shall pay duty at the following rates: Labels and flaps, printed in less than eight colors,   *   *   *   but not printed in whole or in part in metal

---

[1] Reported in T. D. 32172 (22 Treas. Dec., 82).

leaf, * * *; cigar bands of the same number of colors and printings, * * *, labels and flaps printed in eight or more colors, but not printed in whole or in part in metal leaf, * * *; cigar bands of the same number of colors and printings, * * *; labels and flaps, printed in whole or in part in metal leaf, * * *; cigar bands printed in whole or in part in metal leaf, * * *; all labels, flaps, and bands not exceeding ten square inches cutting size in dimensions, if embossed or die-cut, * * *; booklets, * * *; books of paper or other material for children's use, not exceeding in weight twenty-four ounces each, * * *; fashion magazines or periodicals, * * *; booklets, * * *; decalcomanias in ceramic colors, weighing not over one hundred pounds per thousand sheets on the basis of twenty by thirty inches in dimensions, * * *; weighing over one hundred pounds per thousand sheets on the basis of twenty by thirty inches in dimensions, * * *; if backed with metal leaf, * * *; all other decalcomanias, except toy decalcomanias, * * *; all other articles than those hereinbefore specifically provided for in this paragraph, not exceeding eight one-thousandths of one inch in thickness, twenty cents per pound; exceeding eight and not exceeding twenty one-thousandths of one inch in thickness, and less than thirty-five square inches cutting size in dimensions, eight and one-half cents per pound. * * *

The importers duly protested, claiming that the merchandise should have been classified under that part of paragraph 411 of the same act, which here follows:

411. Papers with coated surface or surfaces, not specially provided for in this section, five cents per pound; * * * or if embossed or printed, five cents per pound and twenty per centum ad valorem. * * *

The Board of General Appraisers overruled the protest and sustained the assessment.

The substance of the importers' contention is that paragraph 412 is specifically applicable to "pictures, calendars, cards, labels, flaps, cigar bands, placards, and other articles composed wholly or in chief value of paper, lithographically printed in whole or in part;" that the familiar doctrine of *ejusdem generis* requires that such "other articles" must be of the same class as those specifically named; that the merchandise here is not such; and that the intent of Congress when the two paragraphs are considered was manifestly to exclude paper with a coated surface printed by lithographic or other process from the application of paragraph 412.

The Government contends in substance that the merchandise being paper concededly printed by lithographic process which has produced thereon pictures of flowers is specifically covered by the paragraph, and, further, that if this is not so found the merchandise is nevertheless *ejusdem generis* with the other articles embraced within said paragraph 412.

The doctrine of *ejusdem generis* is one frequently invoked in the interpretation of statutes and may be applicable whenever a doubt arises as to whether a given article not specifically named is to be placed in a class of which some of the individual subjects are named. As often stated, it is that where particular words of description are followed by general terms, the latter will be regarded as referring to things of a like class with those particularly described.

This rule is one of construction only and is invoked as an aid in arriving at the real legislative intent. It is designed at the same time to preserve the meaning of the particular words as well as to give to the general words an interpretation consistent with the manifest purpose of the entire act. It is not to render the general words meaningless or to defeat the real purpose of the statute, as that purpose may be gathered from the whole instrument. United States v Mescall (215 U. S., 26).

We think a careful reading of the entire paragraph indicates that Congress intended to include thereunder all lithographically printed paper, unless it is specifically otherwise provided for elsewhere, and that the particular articles first mentioned in the paragraph are not words of limitation in view of the treatment given to the whole subject matter of lithographic prints.

In its beginning the paragraph in effect declares it shall apply to certain named and other articles composed in whole or in chief value of paper lithographically printed in whole or in part, and as indicating the meaning to be attached to the words "other articles" immediately proceeds to say that boxes, views of American scenery or objects, and music, etc., shall not be included in such "other articles."

Now, if the importers' claim that the "other articles" must be strictly *ejusdem generis* with those that immediately precede be sound, it follows that boxes and music, lithographically printed, need not have been specially excepted by Congress. They can hardly be claimed to be *ejusdem generis* with calendars, cards, labels, flaps, cigar bands, and placards, and so under the rule invoked would have been excepted if not mentioned.

Congress evidently understood it had used the words "other articles" in a larger sense than the class immediately preceding, and that their meaning was not to be limited thereby.

This conclusion seems supported and strengthened by and necessary to give full force and effect to the expression used later in the paragraph that "all other articles than those hereinbefore specifically provided for in this paragraph" shall be dutiable at certain rates which are governed and determined by the thickness or the thickness and superficial area of the article itself.

Intervening between this clause and the first part of the paragraph Congress had proceeded to fix duties upon "booklets," "books of paper or other material for children's use," and "fashion magazines or periodicals," any one of which would not seem to be *ejusdem generis* with the articles first *eo nomine* designated, but which it refers to manifestly as some of the "other articles" lithographically printed, wholly or in chief value of paper, in the first clause of the paragraph. It then concludes by declaring that "all articles other than those hereinbefore specifically provided for" in the paragraph,

which must include lithographically printed articles composed wholly or in chief value of paper, shall be dutiable at the rates immediately thereafter provided.

We think this paragraph contains unmistakable evidence that Congress designed to point out therein the exceptions to its application and shows that aside from such exceptions it was designed to apply, as it expressly states, to articles composed wholly or in chief value of paper lithographically printed in whole or in part, whether such articles are or are not *ejusdem generis* with those first denominatively mentioned. In other words, the paragraph discloses its own rule of construction and renders that of *ejusdem generis* inapplicable.

This merchandise, being composed of sheets of paper lithographically printed and being aptly described as articles not hereinbefore specifically provided for in the paragraph and not exceeding eight one-thousandths of 1 inch in thickness, is properly dutiable as assessed.

We have not omitted to consider the reference made in importers' brief to the proceedings in Congress which finally resulted in the enactment of these paragraphs, but our view of the case as above indicated renders further reference thereto unnecessary.

The judgment of the Board of General Appraisers is *affirmed*.