UNITED STATES *v.* DAMRAK TRADING CO., INC. (No. 4851)[1]

United States Court of Customs and Patent Appeals, February 21, 1956

[1] C. A. D. 611.

*Geo. Stephen Leonard,* Acting Assistant Attorney General, *Richard E. Fitz-Gibbon,* Chief, Customs Section (*Richard H. Welsh,* trial attorney, of counsel), for the United States.

*Siegel, Mandell & Davidson* (*Sidney Mandell* of counsel) for appellee.

[Oral argument October 4, 1955, by Mr. Welsh and Mr. Mandell]

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, and COLE, Associate Judges

JOHNSON, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, First Division, pursuant to its decision, Abstract No. 59024, sustaining the protests filed by appellee, Damrak Trading Co., Inc., against the classification made by the Collector of Customs on various importations of rubber floor mats.

Appellee's Illustrative Exhibit I, the only mat submitted in evidence, which is apparently representative of the importations in question, is a green rubber mat approximately 20 x 32 inches in size and between 1/16 and 1/8 of an inch thick. It has raised edges and a diamond-shape raised design on its upper surface. Both parties agree that the mats in issue are made of rubber.

The Collector of Customs classified the imported mats under paragraph 1537 (b) of the Tariff Act of 1930 at a rate of 25 per centum ad valorem. The pertinent portion of paragraph 1537 (b) reads as follows:

Manufactures of india rubber or gutta-percha, of which these substances or either of them is the component material of chief value, not specially provided for, 25 per centum ad valorem; * * * .

The importer, in his protests, claimed that the mats should have been classified under paragraph 1021 of the Tariff Act of 1930 as modified by the General Agreement on Tariffs and Trade, T. D. 51802, at the rate of 20 per centum ad valorem. The pertinent wording of this paragraph is as follows:

Carpets, carpeting, mats, matting, and rugs, wholly or in chief
    value of flax, hemp, or jute, or a mixture thereof_____ 17½% ad val.
    All other floor coverings not specially provided for:
        Felt-base_____ 12½% ad val.
        Other_____ 20% ad val.

The Customs Court, one judge dissenting, sustained the importer's protests, and the Government has appealed.

The broad issue before this court on appeal is one of classification, and ultimately resolves itself into the question of whether the above-described merchandise is dutiable under paragraph 1537 (b), *supra,* or under paragraph 1021, *supra.*

The Government contends that the rule of *ejusdem generis* applies to paragraph 1021, *supra,* and consequently any item in order to be classifiable under the heading of "all other floor coverings not specially

provided for" must be of the same or similar material and texture as the particular items enumerated in the above-mentioned paragraph. The Government then concludes from the foregoing that the rubber mats in issue are not similar in material and texture to the items enumerated in paragraph 1021, *supra*, and therefore cannot be classified thereunder.

The importer, on the other hand, contends that the legislative intention is clear that paragraph 1021, *supra*, was intended to embrace all floor coverings irrespective of any difference in texture or material from those enumerated, and that the rubber mats in question should be classified under this paragraph.

Cases similar to the present one have been before this court previously. These cases are *Gimbel Bros., Inc.* v. *United States*, 22 C. C. P. A. (Customs) 146; *United States* v. *J. L. Hudson Co.*, 23 C. C. P. A. (Customs) 313; and *United States* v. *Inter-Maritime Forwarding Co., Inc.*, 41 C. C. P. A. (Customs) 107.

Since the factual situations of the above-cited cases are generally similar to the present case, it is deemed necessary to review those cases in this decision. However, in order to view those cases in proper perspective, it is believed necessary at this point to briefly review the subject of statutory construction, in general, and the rule of *ejusdem generis*, in particular.

It was held at an early date, and believed to be a sound rule of statutory construction, that if the language employed in a statute is free from ambiguity and doubt, and plainly, clearly, and distinctly expresses the sense of the framers thereof, there is no occasion to resort to other means of interpretation. *Five Percent Cases*, 6 Ct. Cust. Appls. 291, 299. However, in some cases, as in the present one, if the statute is not clear, the rules of statutory construction must of necessity be resorted to. In such a case, the master rule of construction is to interpret the statute to carry out the legislative intent, and any rule of construction must yield if the legislative intent is shown to be counter to the apparent intent indicated by such rule. *United States* v. *Herman H. Sticht & Co.*, 22 C. C. P. A. (Customs) 40, 44.

The rule of *ejusdem generis* is one of construction only and is invoked as an aid in arriving at the real legislative intent; it is frequently invoked in the interpretation of statutes, and may be applicable whenever a doubt arises as to whether a given article not specifically named in the statute is to be placed in a class of which some of the individual subjects are named; the substance of the rule is that where particular words of description are followed by general terms, the latter will be regarded as referring to things of a like class with those particularly described. *Overton* v. *United States*, 2 Ct. Cust. Appls. 422, 423, 424. Also see *United States* v. *Lilly & Co. and*

*Parke, Davis & Co.*, 14 Ct. Cust. Appls. 332, and *Merck & Co. (Inc.)* v. *United States*, 19 C. C. P. A. (Customs) 16.

There is no doubt that paragraph 1021, *supra*, is ambiguous. This is indicated by the fact that the above-cited similar cases which have dealt with this paragraph have so considered it. In *Gimbel Bros., Inc.* v. *United States, supra*, it was held that "sponge rubber mats" were dutiable as manufactures in chief value of india rubber not specially provided for under paragraph 1439 of the Tariff Act of 1922 rather than as all other floor coverings not specially provided for under paragraph 1022 of said act. The use of the mats in that case was shown to be as a bathing accessory, and they did not have general utility such as mats which are intended to be placed on floors and be walked on. The rationale of the court in reaching its conclusion was that since the sponge rubber mats differed "so greatly in material, texture, and use from the articles enumerated in paragraph 1022," they could not be classified thereunder. The court also appears to have relied on the fact that paragraph 1022 appeared in schedule 10 of the Tariff Act of 1922 which is entitled "Flax, Hemp, Jute, and Manufactures Of." Although not specifically stated in the opinion, the court appears to have felt that the sponge rubber mats did not properly fall into the entire schedule. It is to be noted at this point that paragraph 1022 of the Tariff Act of 1922 is the forerunner of, and had substantially the same wording as paragraph 1021 of the Tariff Act of 1930. It must be observed that the court did not specifically discuss the rule of *ejusdem generis* by name in this case, but we believe that an analysis of the rationale of the case leaves no doubt that this rule was the basis for the court's conclusion.

At a subsequent date, the case of *United States* v. *J. L. Hudson Co., supra*, came before this court. It was held in that case that articles consisting of the furs of goats and antelopes with cloth backings which were used as floor coverings were dutiable under paragraph 1519 (e) of the Tariff Act of 1930 as articles wholly or in chief value of fur not specially provided for rather than as floor coverings not specially provided for under paragraph 1021 of the Tariff Act of 1930. In that case, the court specifically stated that it felt that paragraph 1021 was ambiguous and that the legislative intent and rules of statutory construction should be resorted to. The court, in an attempt to ascertain the legislative intent, discussed the Summary of Tariff Information, 1929, Vol. 2, page 1662, and adopted the statement therein that paragraph 1022 of the Tariff Act of 1922, the forerunner of paragraph 1021, *supra*, related to floor coverings made of vegetable fibers or vegetable substances. The court then concluded at 316:

Paragraph 1021, *supra*, is contained in Schedule 10, entitled "Flax, Hemp, Jute, and Manufactures Of," and particularly provides for matting, floor coverings, mats, and rugs composed in chief value of vegetable fiber or a mixture thereof.

We are of opinion, therefore, that the general provisions for all other floor coverings, not specially provided for, contained in that paragraph [1021] were intended by the Congress to be restricted to articles *ejusdem generis* to those thereinbefore enumerated and described, * * * [Matter in brackets added.]

Thus it has been specifically held that the principle of *ejusdem generis* applied to paragraph 1021, *supra*, in the sense that articles to be classified therein must be of similar material and texture to those enumerated.

Very recently this court was confronted with paragraph 1021 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, in *United States* v. *Inter-Maritime Forwarding Co., Inc., supra.* It is to be noted at this point that the wording of paragraph 1021 as it appears in the General Agreement differs from the original wording of that paragraph as it appeared in the Tariff Act of 1930 in that it breaks down the phrase "all other floor coverings not specially provided for" into "felt base" and "other." The term "felt base" thus appeared as a part of paragraph 1021 for the first time in the General Agreement. Notwithstanding this difference in wording, our court held that green colored india rubber floor mats with an advertising message formed by relatively large white rubber letters inlaid therein were properly dutiable under paragraph 1537 (b) of the Tariff Act of 1930, *supra*, and not as floor coverings not specially provided for under paragraph 1021 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, *supra*. The rationale of the court was that the chief use of the mats was as an advertising medium rather than a floor covering, and further that the mats were not of the same texture as those provided for in paragraph 1021, *supra*. The court therefore held that the mats under consideration could not be classified under this paragraph. The rule of *ejusdem generis* was mentioned in the opinion, and was apparently adopted as being applicable.

Thus we have three prior cases of our court before us which have relied on the rule of *ejusdem generis* in interpreting paragraph 1021, *supra*.

However, in the face of these precedents, the importer argues that the similarity to material and texture of articles enumerated in paragraph 1021, *supra*, is not the controlling factor in determining classification, but that the legislative intent, being contrary to this idea, should control. The theory behind this argument appears to be that it can be shown that it was the legislative intent to have the clause "not specially provided for" include items which are not of the same material and texture as those enumerated, and therefore the rule of *ejusdem generis*, as applied by this court, should not apply to paragraph 1021, *supra*.

In support of this contention, the importer has shown that the Summary of Tariff Information, *supra*, which was cited in *United*

*States* v. *J. L. Hudson Co.*, *supra*, also included the following statement at page 1666 under the heading "Floor Coverings N. S. P. F.":

* * * Other types of floor covering of which there is a substantial domestic production and imports of which would be probably dutiable under this classification, are *felt base* floor covering and *rubber tile.* * * * [Italics added.]

At pages 1667 and 1668, felt base and rubber tile floor coverings are described. It is sufficient for the purposes of this opinion to state that these items do not appear to be similar in material and texture to those items enumerated in the body of paragraph 1021, *supra*. It would seem that it is proper to give great consideration to appellee's argument relative to the contents of the Summary of Tariff Information of 1929 in interpreting the legislative intent in view of the fact that this court has in the *J. L. Hudson* case, *supra*, used the same source for the same purpose.

We will now briefly summarize the material which we must consider in reaching our decision. On one hand, we have a line of cases in which this court has determined the rule of *ejusdem generis* to be applicable to paragraph 1021, *supra*, in the sense that articles to be classified therein must be of similar material and texture to those enumerated. On the other hand, we have a very strong argument that the legislative intent shows that articles which fall under the clause "not specially provided for" in paragraph 1021, *supra*, need not be of similar material and texture to those items enumerated in said paragraph.

The question in this case, as can readily be seen, is a close one, and the arguments which have been presented by both parties are very strong. Under these circumstances this court in the past has stressed the importance of uniformity of decision in passing on these close questions of construction. *United States* v. *Basket Importing Co.*, 13 Ct. Cust. Appls. 98. Furthermore, while precedents clearly erroneous will not be followed, *Roeller-Struss Co.* v. *United States*, 12 Ct. Cust. Appls. 189, 191, this Court is not disposed to question the correctness of long and consistent judicial interpretation. *Roger & Gallet* v. *United States*, 12 Ct. Cust. Appls. 201, 203.

It is our opinion, after hard deliberation, that we are bound to follow the long and consistent declarations of our court in the above-cited similar cases, which have held that the rule of *ejusdem generis* should be used in ascertaining the legislative intent of paragraph 1021, *supra*. While it is true that the above-cited similar cases can possibly be distinguished from the present case in minor respects, it is our opinion that these cases have set forth the basic theory and reasoning which should be followed in reaching our conclusion in the present case. Therefore, since the rubber mats are not *ejusdem generis*, that is, similar in material and texture, to those items enumer-

ated in the body of paragraph 1021, *supra*, we are of the opinion that they should not be classified under said paragraph.

Appellee has presented a second argument, which is embodied in the general rule of construction of customs law that a classification by use is more specific than one by composition, *United States* v. *Dunhill*, 13 Ct. Cust. Appls. 310, or of general description, *United States* v. *A. W. Faber, Inc.*, 16 Ct. Cust. Appls. 467. More specifically, the importer contends that paragraph 1021, *supra*, relates to the use of the inported rubber mats whereas paragraph 1537 (b), *supra*, relates to the composition thereof, and that the former should control classification. However, this principle contended for is subject to the exception of there being a clear legislative intent to the contrary. *United States* v. *Pfaltz & Bauer (Inc.) et al.*, 16 Ct. Cust. Appls. 358, *M. Pressner & Co.* v. *United States*, 42 C. C. P. A. (Customs) 48.

This brings us back to *United States* v. *J. L. Hudson Co., supra*, wherein this court was confronted with a situation analogous to the present one. Although the question of a use provision taking precedence over a composition provision was not mentioned in the opinion, the fact remains that the fur rugs at issue in that case were classified according to their composition and not according to their use. In that case, the court held that it was the Congressional intent that an article in order to be classified under paragraph 1021, *supra*, must be *ejusdem generis* with those articles specifically enumerated in that paragraph. It would therefore seem that once the legislative intent has been ascertained, as it has in the above-cited similar cases, there is no need to resort to the application of the rule contended for by appellee which calls for a use provision taking precedence over a composition provision.

For the reasons set forth above, we are of the opinion that the rubber mats in question should not be classified under paragraph 1021, *supra*. The classification of the customs collector, under the presumption of validity which attaches thereto, must therefore stand.

The judgment of the Customs Court is therefore *reversed*.

WORLEY, Judge, dissenting.

Contrary to the majority holding, I seriously question whether the doctrine of *ejusdem generis* can properly be applied to paragraph 1021 of the Tariff Act of 1930 in such a way as to exclude therefrom the rubber mats involved in the instant appeal. The record shows that the mats are used to cover floors in kitchens, hallways, basements, and porches in the same general way as rag rugs. In my view, therefore, the mats are floor coverings in both the literal and the ordinarily accepted meaning of that term. Accordingly, if they are to be excluded from the paragraph it must necessarily be on the basis of texture

alone, because there is no distinction in use between such mats and the floor coverings provided for *eo nomine* in that paragraph.

The statement by the majority that this court has relied on the rule of *ejusdem generis* in three prior decisions involving interpretation of paragraph 1021 of the Tariff Act of 1930 is, in my opinion, inaccurate. Those cases are *Gimbel Bros., Inc.* v. *United States*, 22 C. C. P. A. (Customs) 146, T. D. 47111; *United States* v. *J. L. Hudson Co.*, 23 C. C. P. A. (Customs) 313, T. D. 48177; and *United States* v. *Inter-Maritime Forwarding Co., Inc.*, 41 C. C. P. A. (Customs) 107, C. A. D. 537. The first case does not interpret paragraph 1021 of the Tariff Act of 1930, but paragraph 1022 of the Tariff Act of 1922. Those paragraphs are similar but not identical. The second case involves paragraph 1021 of the Tariff Act of 1930 as it was prior to its modification by the General Agreement on Tariffs and Trade, T. D. 51802. As a result of that modification a specific reference to felt-base fabrics was added to the paragraph. Therefore, the third case, *Inter-Maritime*, is the only one of the three cited which interprets paragraph 1021 of the 1930 Act as it now stands.

Moreover, neither *Gimbel* nor *Inter-Maritime* applies the doctrine of *ejusdem generis* to paragraph 1021 of the 1930 Act on the basis of material and texture alone. In each of those cases the primary basis for the decision was that the mats involved were not used as floor coverings within the meaning of the paragraph, and the differences in texture and material between those mats and the goods provided for *eo nomine* in the paragraph were mentioned merely as supporting that conclusion.

Under such circumstances, it seems inaccurate to state that the three cases cited constitute a "long and consistent judicial interpretation" of the matter in issue in the instant case. Actually the *Hudson* decision is the only one of the three which applies the doctrine of *ejusdem generis* to paragraph 1021 of the 1930 Act on the basis of material and texture alone; but, as noted above, the paragraph has been modified since that decision was rendered.

The decision in the *Hudson* case is based largely on the proposition that the Summary of Tariff Information, 1929, Vol. 2, page 1662, indicates that paragraph 1021 of the 1930 Act "relates to floor coverings made of vegetable fibers or vegetable substances." It may be noted that the rubber mats here are of vegetable origin, as distinguished from the fur rugs involved in the *Hudson* case. The decision in that case appears to overlook the fact that the 1929 Summary of Tariff Information, Vol. 2, pages 1666 and 1668, also specifically lists felt-base floor coverings and rubber tile as falling under paragraph 1022 of the 1922 act. Felt, of course, is of animal origin. Moreover, since the *Hudson* decision was rendered, paragraph 1021 of the 1930 Act has been modified to include an express reference to felt-base

floor coverings. In view of that modification, the position that that paragraph is limited to vegetable floor coverings is clearly untenable.

As I see it, none of the above decisions cited by the majority provides a controlling precedent which would justify, much less require, reversal of the holding of the lower court in the instant case. Paragraph 1021 of the Tariff Act of 1930 now provides, *eo nomine*, for felt-base floor coverings as well as for those of vegetable origin. The sponge rubber mats at bar are used in such a way as to compete with the floor coverings provided for *eo nomine*. Such differences in texture and material between the sponge rubber mats and the floor coverings specifically named in paragraph 1021 do not justify exclusion of those mats from that paragraph.

While I am in thorough accord with the desire of the majority to follow established judicial interpretations, at the same time such disposition should not prevail when it clearly contravenes, as I think is the case here, the express intent of the Congress.

In my opinion the majority below reached the correct conclusion. I would affirm.