(C.D. 2164)

NORGE DIVISION, BORG-WARNER CORP. *v.* UNITED STATES

United States Customs Court, First Division

(Decided April 5, 1960)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Marjorie M. Vallerie*, trial attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: Counsel for the parties have submitted the above-enumerated protest for decision upon stipulation describing the items of merchandise involved as follows:

\* \* \* [They] consist of 5 sided wooden articles imported in a knocked down condition, the four sides and the top each being completely fabricated (each consisting of a perimeter and cross pieces of wood supporting a corrugated cardboard panel), but said sides and top were not assembled or attached together at the time of importation; the sixth side—the side on the bottom—was not present on any of the said articles at the time of importation.

   \*     \*     \*     \*     \*     \*     \*

That said 5 sided articles were made for use and were used after being assembled together as coverings and shipping containers for refrigerators or space

heaters, the said 5 sided articles being placed over and around a refrigerator or a space heater. The sixth side—the side on the bottom, or the base—for the said articles, was not imported. Said bottom sides or bases were placed under the said refrigerators or space heaters so that the refrigerators or space heaters stood thereon in an upright position, said bottom sides or bases being used and manufactured to serve as skids while the refrigerators or space heaters were being stored and shipped. The above imported 5 sided articles were securely nailed to the said bottom sides or bases to completely cover and surround said refrigerators or space heaters on all sides while being stored and shipped.

The collector took duty on the above-described merchandise at the rate of 25 per centum ad valorem under the provision in paragraph 412, Tariff Act of 1930, as modified by T.D.'s 51802 and 51898, for—

Manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for.

The protest claim is for duty at the rate of 7½ per centum ad valorem under the provision in paragraph 407 of the said act, as modified by T.D. 50797, for—

Packing boxes (empty), and packing-box shooks, of wood, not specially provided for.

Although there is no specific concession on the point, the collector's classification, as evidenced by the timely letter of transmittal of the protest, and by the tenor of the brief filed on behalf of the defendant, was based upon the concept that the articles at bar were not packing boxes because they were incomplete since they lacked bases. In other words, it appears that if the bases had been imported with the articles at bar, they would have been classified as packing boxes (empty) under paragraph 407, supra.

There is, therefore, no question as to whether the condition in which the articles were imported (i.e., knockeddown), or the use to which they were to be put (i.e., as coverings or shipping containers for refrigerators or space heaters) affects their classification as packing boxes—it is clear that the sole question is whether the lack of bases is sufficient to take them out of the category of packing boxes.

The argument advanced for the plaintiff in the brief filed in its behalf is that commonly and commercially packing boxes may be open or closed, and that open packing boxes often have five sides. Cited as examples of 5-sided packing boxes are those containing oysters or fish, where it is desirable to add ice or moisture during shipping; fruit and vegetable boxes, designed to be used with transparent covers; and boxes used to hold various small loose articles, such as books, kitchenware, etc., when a household is moved.

It may very well be that some packing boxes are designed with five sides and are intended to be used that way, but the evidence is clear that the articles at bar were designed and intended to be used with six sides, the sixth side being the base.

On its part, defendant argues that the term "box," as commonly understood and as judicially defined, refers to a complete box, i.e., one with sides and ends, a top, and a bottom.

Webster's New International Dictionary, 1930, defines "box" as—

A receptacle of any firm material characteristically having, or adapted for having, a lid or cover. *Box* is the general term for closed receptacles, esp. such as are readily portable, and includes *case, casket, chest, coffer, pyx*, etc.

And, in Funk & Wagnalls New Standard Dictionary, 1930, it is defined as—

A receptacle or case, usually six-sided and rectangular, of wood, pasteboard, metal, or other material, for many and various uses.

While the foregoing definitions indicate that a box *usually* has a cover or sixth side, it would appear therefrom that a cover is not a *sine qua non* of a box, and we think the same result is indicated by the excerpt from the Summary of Tariff Information, 1929, schedule 4, page 937, under the heading "Packing Boxes and Box Shooks," quoted by counsel for the defendant in the brief filed in its behalf.

Nor do we think that the reference in the cases of *C. J. Tower & Sons* v. *United States*, 69 Treas. Dec. 308, T.D. 48152; *United States* v. *Good Neighbor Imports, Inc.*, 33 C.C.P.A. (Customs) 91, C.A.D. 321; and *United States* v. *F. W. Myers & Co., Inc.*, 45 C.C.P.A. (Customs) 48, C.A.D. 671, cited by the defendant, to boxes as having tops, bottoms, sides, and ends constitute judicial determinations that to be classifiable under the provision in paragraph 407, *supra*, for "packing boxes" imported articles must meet that description in all respects.

We are of the opinion that the real question in this case is whether incomplete or unfinished packing boxes (which we think there is no question is the actual nature of the articles at bar) should take classification under the provision in paragraph 407 for packing boxes.

It is clear that the articles at bar were designed and intended to be completed or finished when put to use as the coverings or containers of refrigerators or space heaters mounted on wooden bases or skids, which bases or skids were to form the bottom of the container. It is also clear that by reason of the processes to which they were subjected before importation the articles at bar have assumed such form and shape that their use as packing boxes is unmistakably evident and that their utility for any other purpose has been destroyed.

These facts bring the merchandise at bar within the principle of the decision in the case of *Waltham Watch Co.* v. *United States* (*Jaeger Watch Co., Inc., Party in Interest*), 25 C.C.P.A. (Customs) 330, T.D. 49425, and the cases therein cited as controlling in such situations.

In its decision in the *Waltham Watch Co.* case, *supra*, our appellate court pointed out that previously decided cases had established the

principle that an unfinished imported article may be classified under an *eo nomine* provision for the article where it appeared that the imported article had reached a form and stage where it was fit for no other useful purpose than as such article. The court considered the .fact that some tariff provisions specifically provided for articles in a "finished or unfinished" state, or used equivalent language, while other provisions of the tariff did not contain such a description, and determined that the omission of such language in connection with any tariff designation did not compel the conclusion that only completely finished articles were covered thereby.

In making this determination, the court considered the ease of avoidance of the higher duties on articles specifically named in the tariff act by the omission of a small but essential part of such articles, and the effect on the dutiable and free schedules of a rigid adherence to a requirement for completeness and absolute finish of the articles covered by tariff designations.

We are of the opinion that the facts as to the articles at bar warrant the application of the principle of the *Waltham Watch Co.* decision and, accordingly, sustain the protest claim for classification under paragraph 407, *supra.* Judgment will issue accordingly.