(C.D. 2419)

WILLIAM ADAMS, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided November 4, 1963)

*Siegel, Mandell & Davidson* (*Sidney Mandell, David Serko,* and *Allan H. Kamnitz* of counsel) for the plaintiff.
*John W. Douglas,* Assistant Attorney General (*Mollie Strum* and *Herbert L. Warren,* trial attorneys), for the defendant.

Before OLIVER and WILSON, Judges

OLIVER, Chief Judge: This protest relates to certain glassware which was classified under paragraph 218(f) of the Tariff Act of 1930, as modified by T.D. 51802 and T.D. 51898, that provides for—

Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sandblasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free (except articles primarily designed for ornamental purposes, decorated chiefly by engraving and valued at not less than $8 each):

| | |
|---|---|
| If commercially known as bubble glass and produced otherwise than by automatic machine (except articles cut or engraved and valued at not less than $1 each) | 30% ad val. |
| Christmas tree ornaments | 50% ad val. |
| Other | 50¢ on each article or utensil, but not less than 30% nor more than 50% ad val. |

Duty was levied on the present merchandise at 50 cents each or 50 per centum ad valorem.

Plaintiff's principal claim is for classification under the residuary provision in paragraph 230(d) of the Tariff Act of 1930, as modified by T.D. 52739, for "All glass, and manufactures of glass, or of which glass is the component of chief value, not specially provided for," carrying a duty assessment at the rate of 25 per centum ad valorem. An alternative claim is made for classification under the pro-

visions of paragraph 218(f) of the Tariff Act of 1930, as modified by T.D. 53865, supplemented by T.D. 53877, reading as follows:

All articles (not including table and kitchen articles and utensils) of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sandblasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free:

> Christmas tree ornaments valued under $7.50 per gross_____ 40% ad val.
> Other, valued not over $1.66⅔ each (except Christmas tree ornaments, household articles, and articles and utensils commercially known as bubble glass and produced otherwise than by automatic machine; and except articles and utensils blown or partly blown in the mold or otherwise and cut or engraved and valued at $1 or more each)___ 30% ad val.

Counsel for the respective parties, in their briefs, devote much discussion to the question of the precise issue before us. Thus, it is appropriate, at this point, to analyze the provisions of paragraph 218(f), as modified, *supra*. Paragraph 218(f), as modified by T.D. 51802, invoked herein by the collector, specifically provides for "Table and kitchen articles," and then, through the use of all-comprehensive language, includes "all articles of every description not specially provided for," made or composed of glass in the manner described therein; and paragraph 218(f), as modified by T.D. 53865, supplemented by T.D. 53877, excepts from the lower rate of 30 per centum ad valorem imposed thereunder, table, kitchen, and household articles. It, therefore, follows that if the merchandise involved herein consists of table, kitchen, or household articles, it is properly classifiable under the provisions of paragraph 218(f), as modified by T.D. 51802, and subject to the higher rate assessed by the collector.

Five items, identified on the invoices as D–1, D–4–A, D–5, D–6, and D–9, are in dispute. Samples of three of them are in evidence. They have the general appearance either of a dish, item D–1 (plaintiff's exhibit 1) and item D–6 (plaintiff's exhibit 2), or a plate, item D–4–A (plaintiff's exhibit 3). Each of those items is composed of decorated glass, having a "star" pattern. Two other items in question, represented on the invoices as D–5 and D–9, of which no samples were produced, are of identical quality, but slightly different in shape. It is agreed between the parties that the glassware in question is not bubble glass, that it is pressed and polished, and that it was decorated in the mold, but not blown or partly blown in the mold. The significant feature in all of the items involved herein is a small hole, approximately one-eighth of an inch in diameter, that has been drilled through the bottom at the center and which serves as the means for fitting a

metal base or other attachment with which the imported glassware is used.

The president of the plaintiff corporation, an importer and a manufacturer "of sterling plated and combinations of crystal and silver articles," testified that the imported items, with the hole drilled therein, are not usable as imported, and that they are never sold to consumers in such condition. He stated that the bulk of plaintiff's business is in the silverware trade and that the glassware in question is mainly combined with silverplate. Explaining how plaintiff sells the present merchandise to the retail trade—department stores, various retail outlets dealing in "giftware of all sorts and silverware and jewelry stores" (R. 14)—the witness stated that the dish, exhibit 1, *supra*, is combined either with a small metal base and handle (defendant's illustrative exhibit B) for use as a candy compote, or in combination with a larger dish and fitted with a handle to become a 2-tier dish. Mention was also made of the combination of the same article "with a nozzle of a candlestick to use this as a table console stick." (R. 16.) The dish, exhibit 2, *supra*, has a silverplated base (defendant's illustrative exhibit A) attached thereto for its use as "a center piece for fruit" (R. 17), or as "a bowl for any sort of purposes so desired." (R. 22.) The plate, exhibit 3, *supra*, has a silverplated base (defendant's illustrative exhibit A) attached thereto and "sold for a cake plate in this manner" (R. 19), or it is fitted with a handle "to make it an hors d'oeuvre dish" (R. 17), and it is also used in combination with another item in controversy, D-9, to make a 2-tier dish.

Plaintiff's second witness was the president of the Hamilton Sterling Co., engaged in the manufacture of decorative accessories for the home. His testimony, relating to the items under consideration, is to the effect that they are not salable as imported with the hole drilled therein, that they are sold to retailers in combination with a metal base, usually made of zinc aluminum with brass plating, fitted to the glassware by means of a rod or handle and a screw, closing the hole in the bottom of the article, and that when the two components are combined "the glass is a small part of the finished item." (R. 41.) The witness' testimony concerning articles, allegedly similar to the present merchandise, is along the same line as that directed to the particular items involved herein.

Plaintiff contends that the glassware in question consists of unfinished or incomplete articles; that paragraph 218(f), as modified, *supra*, without any provision for partly finished or unfinished articles—and there is none—contemplates only finished table and household articles; and that, therefore, the present merchandise must be excluded from said modified paragraph 218(f), and classified under

the general provision for manufactures of glass, not specially provided for, in paragraph 230(d), as modified, *supra*. To support such contention, plaintiff points to its uncontradicted evidence showing that the items in controversy are not sold, or used, as imported.

The statutory construction invoked by the Court of Customs and Patent Appeals in *Waltham Watch Co.* v. *United States (Jaeger Watch Co., Inc., Party in Interest)*, 25 CCPA 330, T.D. 49425, makes plaintiff's position untenable. In that case, the merchandise consisted of unfinished pillar plates that required further processing, after importation, to be in condition for their use as integral parts of watch movements. In holding the unfinished pillar plates to be dutiable under the provision in paragraph 367(c) (2) of the Tariff Act of 1930 for pillar plates, the appellate court followed the principle, established in a line of cited cases, that where imported merchandise, in its condition as imported, affords sufficient evidence adapting it for its ultimate use and making it unfit for any other purpose, it is properly classifiable within the designation covering its ultimate use.

The principle of the decision in the *Waltham Watch Co.* case, *supra*, was followed by this court in *Norge Division, Borg-Warner Corp.* v. *United States*, 44 Cust. Ct. 121, C.D. 2164, wherein incomplete or unfinished packing boxes were held to be properly classifiable under the provision for packing boxes in paragraph 407 of the Tariff Act of 1930. In reaching the conclusion, we commented on the *Waltham Watch Co.* case, *supra*, as follows:

> In its decision in the *Waltham Watch Co.* case, *supra*, our appellate court pointed out that previously decided cases had established the principle that an unfinished imported article may be classified under an *eo nomine* provision for the article where it appeared that the imported article had reached a form and stage where it was fit for no other useful purpose than as such article. The court considered the fact that some tariff provisions specifically provided for articles in a "finished or unfinished" state or used equivalent language, while other provisions of the tariff did not contain such a description, and determined that the omission of such language in connection with any tariff designation did not compel the conclusion that only completely finished articles were covered thereby.
>
> In making this determination, the court considered the ease of avoidance of the higher duties on articles specifically named in the tariff act by the omission of a small but essential part of such articles, and the effect on the dutiable and free schedules of a rigid adherence to a requirement for completeness and absolute finish of the articles covered by tariff designations.

The record herein establishes that the present merchandise, in its condition as imported, consisted of articles that had been subjected to a series of processes, clearly identifying them as table or household articles, composed of glass, of the kind or class provided for in paragraph 218(f), as modified by T.D. 51802, and which was definitely

committed to use as such articles, and unfit for any other purpose. Such a factual condition is sufficient to apply, as we do herein, the principle enunciated in the *Waltham Watch Co.* case, *supra*, and followed in the *Norge Division, Borg-Warner Corp.* case, *supra*, and hold the items in controversy to be properly classifiable under said modified paragraph 218 (f), as assessed by the collector.

Plaintiff relies very strongly on *United States* v. *Berger & Co.*, 13 Ct. Cust. Appls. 362, T.D. 41258, which arose under the Tariff Act of 1922. In that case, the merchandise consisted of certain pieces of cylinder glass, known as "blanks for bracelet watches," which required cutting, fitting, grinding, and polishing to be used as crystals for watches. The court found that the merchandise was not sufficiently advanced to be watch crystals and too far advanced to be cylinder glass, since the imported blanks were fit only for their one use of making watch crystals for bracelet watches, and, therefore, held the merchandise to be dutiable under the general provision for manufactures of glass, not specially provided for.

The *Berger* case, *supra*, was reviewed by our appellate court in its decision in the *Waltham Watch Co.* case, *supra*. The two cases were distinguished not only from the standpoint of the class or kind of merchandise involved in each, but also from their legal aspects, the court emphasizing the difference in statutory language of the competing tariff provisions in both cases. In the light of the principle enunciated in the *Waltham Watch Co.* case, *supra*, which is the latest expression of our appellate court on the subject, and which case governs our disposition of the present issue, the *Berger* case, *supra*, cannot be applied. See also *Frank P. Dow Co., Inc.* v. *United States*, 6 Cust. Ct. 384, C.D. 500, that held unfinished handles for toothbrushes, to be classifiable under the provision for "handles and backs for tooth brushes," in paragraph 1506 of the Tariff Act of 1930.

Application of the legal principle invoked herein removes from consideration plaintiff's argument, as set forth in counsel's brief, concerning "parts" of household articles. Consideration has been given to all of the cases cited in the briefs filed by counsel for the parties to support their respective positions. Reference herein has been made only to those cases deemed necessary to support the reasoning followed and the conclusion reached.

On the basis of the present record, and for all of the reasons hereinabove set forth, we hold the glassware in question, represented on the invoices by items heretofore identified, to be classifiable under the provisions of paragraph 218 (f), as modified by T.D. 51802, *supra*, and dutiable thereunder as assessed by the collector.

The protest is overruled and judgment will be rendered accordingly.