BEFORE THE FIRST DIVISION, FEBRUARY 25, 1964

No. 68333.—Border Brokerage Co. v. United States, protest 61/4998 (Seattle).

OLIVER, Chief Judge: This protest relates to certain merchandise, invoiced as "BX Coretrays" and assessed with duty at the rate of 16⅔ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified, as manufactures of wood, not specially provided for. Although counsel for plaintiff, in his opening statement, claimed classification for the present merchandise as "packing boxes (empty), or packing-box shooks of wood," (R. 2), plaintiff's protest claims only that the articles are "Wood Packing Boxes," classifiable under the *eo nomine* provision therefor in paragraph 407, as modified by T.D. 52739, with a dutiable assessment of 3¾ per centum ad valorem. Since no valid amendment was filed to include claim for classification as packing-box shooks, our consideration herein must be limited to the issue raised by the protest. *Lansen-Naeve Corp.* v. *United States*, 37 Cust. Ct. 91, C.D. 1803; *J. W. Hampton, Jr., & Co., Inc.* v. *United States*, 37 Cust. Ct. 425, Abstract 60376. Thus, the sole question before us is whether the articles in question are packing boxes. If not, the collector's classification must be sustained.

One witness testified. He was the sales manager of the Canadian exporter, a manufacturer of diamond drill machinery, and whose business includes diamond drilling. Defendant offered two letters (defendant's exhibit A and B), sent by the Canadian exporter to plaintiff.

It appears from the record herein that the articles in question are core-trays that are used in the diamond drilling industry. Two forms of core-tray construction are mentioned. In a letter from the exporter to plaintiff (exhibit B, *supra*), they are referred to as "core box," which "is constructed by making

a shallow box of a desired length and inserting plywood deviders [sic] spaced according to the diameter of the core," and "core tray," that is made "by gouging out a thick plank to form grooves to hold the core." Another letter (exhibit A, supra), refers to both forms of construction as "core trays" and describes them as follows:

\* \* \* With the grooved out core trays two are strapped together to form a box. The core tray with divisions is considered a core box when a lid is placed on it. The most popular core tray is the one with the plywood divisions, as only a lid is required for the shipping of the core. \* \* \*

Core trays are normally 5 feet in length and composed entirely of wood. At the time of importation, the core trays under consideration were open at the top, without any lid or cover.

The sample in evidence (plaintiff's exhibit 1) is a portion of core-tray construction with dividers or partitions. It is approximately 10 inches long and 9½ inches wide. Slotted from one side to the other, and spaced 1 inch apart, are strips of plywood, forming partitions or dividers, 1 inch in height. Some of the plywood strips are glued to the base, others are removable.

Both forms of core-tray construction are used for the same purpose, i.e., to hold and to transport cylindrical rock samples, or cylindrical core samples, taken from varying depths for the purpose of analysis. In storing core samples, the core trays are "stored one on top of the other, so that the bottom of the top one becomes a lid in effect, and the top one would be covered." (R. 7.) Describing the use of core trays to transport core samples, the witness testified as follows (R. 11):

They may be closed. That is, they would be strapped or nailed. On occasion there are two used for transport, that is one placed on top of the other and then the two strapped together, or depending on the size and weight of the core there may be—the same as they are when in storage, that is a number of them strapped together and a lid on the top.

To support their respective positions, counsel for both parties cite C. J. Tower & Sons et al. v. United States, 69 Treas. Dec. 308, T.D. 48152, which involved certain knocked-down crates, that were classified as manufactures of wood, not specially provided for, and claimed to be either free of duty as sawed lumber, or dutiable as packing-box shooks. Neither the merchandise involved in the cited case nor the questions presented therein were comparable to the commodity and the issues before us in this case.

In the course of its decision in the Tower case, supra, sustaining the collector's classification of the merchandise, the court quoted definitions of "packing box" and then stated that "We do not think that the definitions of the word 'packing box' contemplate other than a box with completely solid sides, ends, bottoms, and tops, in which goods may be safely packed, \* \* \*." The articles involved herein do not meet such description. Rather, the merchandise in question, as represented by the sample in evidence (exhibit 1, supra), conforms to the common meaning of "tray," defined in Webster's New International Dictionary as "Any open receptacle with a flat bottom and a low rim for holding or carrying articles" and, in Funk & Wagnalls Dictionary, as "a shallow box without a cover, used in trunks or otherwise."

The case of Norge Division, Borg-Warner Corp. v. United States, 44 Cust. Ct. 121, C.D. 2164, cited in plaintiff's brief, is readily distinguishable from the present case. The question involved in that case was whether certain incomplete or unfinished packing boxes were properly classifiable as packing boxes. No such issue is involved in this case.

On the basis of the present record, and for all of the reasons hereinabove set forth, we find and hold that the articles in question are trays, specifically wooden core trays, and, not being specifically provided for, they are properly classifiable under the residuary provision for manufactures of wood in paragraph 412, as modified, as assessed by the collector.

The protest is overruled and judgment will be rendered accordingly.