(C.D. 2490)

DANISH BAKERS, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 9, 1964)

*Stein & Shostak* (*S. Richard Shostak* and *Marjorie M. Shostak* of counsel) for the plaintiff.

*John W. Douglas,* Assistant Attorney General (*Andrew P. Vance* and *Shelia N. Ziff,* trial attorneys), for the defendant.

Before DONLON and RICHARDSON, Judges

DONLON, Judge: Three protests have been consolidated for trial. The question is whether frozen turnovers are within the *eo nomine* specification of paragraph 733 which enumerates biscuits, wafers, cakes, cake, and *similar baked articles.*

It appears that these turnovers, if they were baked, would be within the enumeration. A turnover is a pie, or tart, of which about half of the crust is folded over to enclose the filling, such as fruit. These turnovers were filled with fruits.

As imported, the turnovers were not baked. That is, they had not been subjected to dry heat of a degree and for a period of time sufficient to change dough into the finished turnover. They were frozen. Baking was the sole remaining process that was required, after importation, in order to make the frozen articles into the edible delicacy that is known as turnovers.

The collector classified these frozen turnovers under paragraph 1558, as an article manufactured, in whole or in part, not specially provided for. Plaintiff's protests present two claims: First, for classification under the enumeration of baked articles in paragraph 733, Tariff Act of 1930, with duty at the rate of 8½ percent, as modified by the Sixth Protocol of Supplementary Concessions to the General

Agreement on Tariffs and Trade (T.D. 54108) ; and, second, for classification under paragraph 1558, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T.D. 52739), as a nonedible preparation, at the reduced rate of 10 percent.

The protest claim under modified paragraph 1558 is not pressed by plaintiff. Therefore, it is dismissed for failure of plaintiff to prosecute it.

Paragraph 733, as modified, is as follows:

Biscuits, wafers, cake, cakes, and similar baked articles, and puddings, all the foregoing by whatever name known, whether or not containing chocolate nuts, fruits, or confectionery of any kind.

The only apparent support in the record for plaintiff's argument that these turnovers were, in fact, baked prior to importation, is a statement of plaintiff's witness, Mr. Fradelis. He said that in the baking trade any formulation, such as mixing, forming and rolling of dough, the cooking of the fruit filling, and everything else that goes into the making of the finished product, is considered to be "baking" the product. There is testimony to the contrary, by defendant's witness, Dr. Lord. In this conflict of testimony we are of opinion that dough which has been mixed and formed and frozen is not, *ipso facto*, a *baked* article in the tariff sense.

Plaintiff makes no claim that the term "baked," as used in paragraph 733, has a commercial meaning other than or different from the common meaning. "Baked" is the past participle form of the verb "bake," which is defined in Webster's New International Dictionary, second edition, 1956, as follows:

1. To prepare, as food, by cooking in a dry heat, either in an oven or under coals, or on heated stone or metal; as, to *bake* bread, meat, apples. [Italics quoted.]

We agree with plaintiff that this article could best be imported in the frozen form; indeed, perhaps only in that form. To say that much, however, does not come to grips with the problem of tariff classification. Nor does it constitute baking, in the common meaning, that the dough was briefly exposed to heat before it was frozen.

There is also some talk as to whether these turnovers are puddings. Puddings may be, and often are, prepared by processes other than baking. Paragraph 733 does not require that puddings enumerated therein, must be baked. But there are no proofs that these turnovers are puddings. If they come under paragraph 733 at all, it must be because they are within the enumeration for *baked articles* that are similar to the enumerated baked articles, by whatever name known.

The issue, then, is not whether these turnovers are baked for they are not. The issue is whether they must be baked in order to come within the four corners of paragraph 733.

As we read plaintiff's arguments they present certain inconsistencies.

Seemingly accepting the fact that these frozen turnovers were not, at the time of importation, completely finished (plaintiff's brief, p. 16), it is argued, nevertheless, that paragraph 733 is "relatively unambiguous" in that it clearly covers the enumerated articles, namely, biscuits, wafers, cake, and cakes, and *similar baked articles* in all of their forms, (Plaintiff's brief, p. 18.)

We take it that the relative unambiguity which plaintiff suggests derives from translating the statutory words "by whatever name known" into the words for which plaintiff argues, namely, "in all of their forms." We are not as convinced as plaintiff would seem to be, that these two expressions are synonymous. What plaintiff argues is that the baked articles enumeration of paragraph 733 includes articles, such as these turnovers, which are in the form of the enumerated articles but which are not baked.

Either the statute is unambiguous, as plaintiff asserts, and hence requires no resort to aids to construction; or it is ambiguous and the court may resort to aids to construction in construing the ambiguity. Which position is right? We disregard the suggested theory of *relative* unambiguity. There either is or is not ambiguity. One cannot have it both ways.

Is the language of paragraph 733 clear and certain, or is it not? If not, in what respect does it require judicial assistance in ascertaining the meaning which Congress intended?

It appears that it is the word *baked* for which plaintiff argues the need of construction. Plaintiff argues that this is a baked article, for tariff purposes, similar to the enumerated articles, but known by a name different from the enumerated names. If this were, in fact, a *baked* pie or a *baked* turnover, the argument would have merit. In various summaries of tariff information, as plaintiff's brief points out, data as to pies are shown in the material presented under paragraph 733. A *baked* pie or a *baked* turnover would be a baked article which is not a biscuit, wafer, cake, or cakes, but similar enough to come within the enumeration of paragraph 733 as a similar baked article, known by another name than the specified names.

The flaw in plaintiff's argument is that it requires us to read into the word "baked" an interpretation that would include imported unbaked articles, designed to be baked subsequent to importation. The question is, are they baked articles. We are of opinion that they are not.

Plaintiff argues that *Kotzin Bros. et al.* v. *United States*, 14 Ct. Cust. Appls. 99, T.D. 41589, is authority for a ruling here that the phrase "by whatever name known," in paragraph 733, creates an enumeration of the class of merchandise which includes all forms of the article.

In the *Kotzin* case, the merchandise was embroidered clocked silk and wool hosiery. The claim was, in essence, that embroidered *clocked* hosiery was not within the tariff enumeration of embroideries by whatever name known. Our appeals court, affirming the trial court, held that the phrase "by whatever name known" is equivalent to an *eo nomine* provision for all embroidered articles, and therefore includes all embroidered hosiery, whether or not clocked as well as embroidered.

Here, the turnovers are not baked but they are frozen. We think *Kotzin* is not authority for the principle which plaintiff seeks to apply to the facts before us here.

Nor are we impressed that calling these articles "bakery products," as plaintiff does, makes them an article that is baked. As our appeals court said in *United States* v. *Quon Quon Company*, 46 CCPA 70, C.A.D. 699:

> The Government argues at great length that the paragraph 411 provision of "baskets" is an "eo nomine" provision. Of course it is. This is no more than a way of saying that baskets are provided for in paragraph 411 by the term "baskets" and calling this self-evident fact by a Latin name does not change anything. On the other side the same may be said for the attempt to pin the "eo nomine" label on the paragraph 412 provision for parts of furniture. The real problem in this case is simply whether the imported articles are in fact "baskets". Reasoning from old cases involving *different* articles tends more to obscure the issue than to answer it. [P. 73; italics copied.]

The real problem here, to paraphase *Quon Quon*, is simply whether the imported turnovers are in fact "baked."

Plaintiff argues also that the facts of this case bring the imported frozen turnovers within the principle of statutory construction that "where imported merchandise, in its condition as imported, affords sufficient evidence adapting it for its ultimate use and making it unfit for any other purpose, it is properly classifiable within the designation covering its ultimate use." (Plaintiff's brief, p. 17.) In support of this argument, plaintiff cites *Waltham Watch Co.* v. *United States (Jaeger Watch Co., Inc., Party in Interest)*, 25 CCPA 330, T.D. 49425; *Norge Division, Borg-Warner Corp.* v. *United States*, 44 Cust. Ct. 121, C.D. 2164; and *William Adams, Inc.* v. *United States*, 51 Cust. Ct. 126, C.D. 2419.

In *Waltham Watch Co.*, cited as controlling by the first division of this court in both the *Norge* and *Adams* cases, the merchandise was unfinished watch pillar or bottom plates. These were classified by the collector, under paragraph 397 of the Tariff Act of 1930, as articles or wares, not specially provided for, composed in chief value of copper. The American manufacturer claimed classification under paragraph 367(a)(c)(2), which provided for (a) watch movements and (c)

parts thereof, including (2) pillar or bottom plates, or their *equivalent*. The imported pillar plates were unfinished; they required additional processing; but they were advanced, as imported, to a condition where they had no use save as important parts of watch movements. Our appeals court posed the question to be answered as follows:

> \* \* \* Are *unfinished* pillar or bottom plates dutiable under the above-quoted *eo nomine* provision for "pillar or bottom plates or their equivalent" in said paragraph 367. It is to be noted that said subparagraph (c) (2) contains no express provision for unfinished pillar or bottom plates, nor does it contain any similar provision, such as is found in paragraph 397, *supra*, "whether partly or wholly manufactured." [*Waltham Watch Co.*, *supra*, p. 333; italics copied.]

After analysis in detail of the decision below and of the precedents, the appeals court reversed the holding of the court below that Congress had intended to limit the provision for pillar plates to such as were fully completed, ruling that an unfinished pillar plate is as much a part of a watch movement as is a finished pillar plate. Hence, it should be classified as *eo nomine* a pillar plate. The crux of the classification ruling in the *Waltham* case, as we read it, is that Congress provided *eo nomine* for parts of watch movements. The court found that the imported pillar plates were so far advanced as to be dedicated to use as *parts* of watch movements.

Paragraph 733 contains no provision for parts, and it is not a use provision. We do not view the *Waltham* case as controlling the classification of baked articles, which is language of description and not of use. Paragraph 733 is an *eo nomine* provision for articles that have been *baked*.

However, the *Norge* and *Adams* cases, *supra*, did apply the principle of the *Waltham* decision to classifications which contained no provision for parts. In the *Norge* case, packing boxes, without a base and, therefore, incomplete, which were imported in a knocked-down condition, were classified *eo nomine* as packing boxes, rather than as manufactures of wood. The court cited the *Waltham* case for the principle "that an unfinished imported article may be classified under an *eo nomine* provision for the article where it appeared that the imported article had reached a form and stage where it was fit for no other useful purpose than as such article." (*Norge*, *supra*, p. 124.)

In *Adams*, *supra*, glassware that was identifiable as articles of table or household use, but which required further processing for such use, was held classifiable as table and kitchen articles and utensils, not specially provided for, composed wholly or in chief value of glass, under paragraph 218 (f), as modified, rather than as a manufacture of glass, not specially provided for, under paragraph 230 (d). The court cited the *Waltham* and *Norge* decisions.

In both the *Norge* and *Adams* cases, the classifications construed as *eo nomine* were use classifications. As earlier indicated, we do not think baking is susceptible of interpretation as a use provision.

It is a standard of manufacture, and these turnovers were not manufactured by baking.

While tariff acts are made for the future as well as for the present, the meaning of a tariff term does not change. These frozen turnovers may not be classified with baked articles, since they do not come within the definition of the tariff term baked. *E. Dillingham, Inc., et al.* v. *United States*, 48 CCPA 46, C.A.D. 762.

Defendant cites *Renken Yates Smith Corp.* v. *United States*, 22 CCPA 225, T.D. 47143. It seems to us the case closest in point, if not indeed controlling of the issue here. There the court of appeals reversed this court, which had sustained the collector's classification as baked articles, under paragraph 733, of cheddar sandwiches, composed of biscuits, commonly called crackers and cheese. Our appeals court held these were properly dutiable as nonenumerated manufactured articles under paragraph 1558, saying:

> It is evident from an examination of Exhibit 1, and the testimony in the case, that, although the crackers, of which the involved articles are in part composed, are baked, the articles as a whole, including the cheese, are not baked. Furthermore, the cheese is a substantial portion of the "cheddar sandwiches." Considering the articles as a whole, therefore, it would seem to be clear that they are sandwiches, composed of baked articles and cheese, and that they are not dutiable directly under paragraph 733, *supra*, either as biscuits, or as similar baked articles. [*Renken Yates Smith Corp., supra*, p. 228.]

One final point remains for discussion. Plaintiff leans on the rule of construction known as *ejusdem generis*. Under that rule, articles which are not specifically named in the statute may be placed in the named class of articles where after particular words of description there follows, in the statute, general terms inclusive of the other article. *Overton & Co.* v. *United States*, 2 Ct. Cust. Appls. 422; and numerous other cases.

The difficulty with the application of *ejusdem generis* to the facts here, is that the general terms of paragraph 733, following enumeration, include only *baked* articles. We know of no authority, and indeed plaintiff has cited none, which extends *ejusdem generis* to an article that is not within the class of the general statutory term invoked in support of application of that rule to tariff classification of the article.

Plaintiff has not shown that the collector's classification was erroneous, or that the claimed classification is correct.

The protest claim for classification under paragraph 733 is overruled. All other protest claims are dismissed. Judgment will be entered accordingly.