UNITED STATES *v.* AMERICAN EXPRESS CO. (No. 2613); AMERICAN EXPRESS CO. *v.* UNITED STATES (No. 2617)[1]

WATCH CRYSTAL BLANKS.

Following *United States* v. *Berger & Co.*, 13 Ct. Cust. Appls. 362, T. D. 41258, decided concurrently herewith, watch crystal blanks too far advanced to be used for anything else, are too far advanced to be cylinder glass under paragraph 219, Tariff Act of 1922, and are "manufactures of glass * * * not specially provided for," under paragraph 230.

United States Court of Customs Appeals, December 4, 1925

APPEALS from Board of United States General Appraisers, Abstract 49240

[Reversed and remanded.]

*William W. Hoppin*, Assistant Attorney General (*Charles D. Lawrence* and *Fred J. Carter*, special attorneys, of counsel), for the United States.
*William M. Wemple* contra.

[Oral argument Oct. 29. 1925, by Mr. Lawrence and Mr. Wemple]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

These are cross-appeals from the decision of the Board of United States General Appraisers.

The merchandise involved in this appeal consists of circular pieces of concavo-convex glass cut to uniform size, described by the appraiser as "glass circles bent and cut to size for watch crystals, the edges not being ground or polished," and classified by the collector under paragraph 230 of the Tariff Act of 1922.

The court below held the merchandise to be cylinder or sheet glass and dutiable at 1¼ cents per pound and 5 per centum ad valorem under paragraphs 219 and 224.

The Government appealed from the decision of the board, claiming that the articles were properly classified by the collector under paragraph 230, and the importer appealed, claiming that while the merchandise was dutiable under paragraph 219, as found by the board, it was not subject to the duty of 5 per centum ad valorem under paragraph 224, in so far as the disks are not bent within the meaning of the paragraph. It is not claimed by either party that the merchandise falls properly within paragraph 218. However, in the case of *United States* v. *Berger and Co.*, 13 Ct. Cust. Appls. 362, T. D. 41258, decided concurrently herewith, involving blank crystals for bracelet watches, claim was made under paragraph 218, and since the case at bar is controlled by the decision in the Berger case, supra, we will call attention to the fact here that had the claim been made, it could not have been entertained for the reasons assigned in the *Berger case*, supra.

In the Berger case, the merchandise consisted of rough glasses for bracelet watches, made of cylinder glass, unpolished. They were bought and sold as blanks for bracelet watches and used for the sole purpose of making crystals for such watches. The merchandise after importation, was never used as watch crystals in the form imported. Before use they were cut to size, ground, bezeled, and polished.

In the case at bar the blanks, after importation, are never used in the form imported. They are bezeled, ground, polished, reheated,

and rebent after importation.   They are used only for making watch crystals and are bought and sold as blanks for watch crystals.

The pertinent parts of the paragraphs of the Tariff Act of 1922 are as follows:

PAR. 219. Cylinder, crown, and sheet glass, by whatever process made, and for whatever purpose used, unpolished, not exceeding one hundred and fifty square inches, 1¼ cents per pound;  *  *  *.

PAR. 224. Cast polished plate glass, silvered or unsilvered, and cylinder, crown, and sheet glass, by whatever process made, silvered or unsilvered, polished or unpolished, when bent, ground, obscured, frosted, sanded, enameled, beveled, etched, embossed, engraved, flashed, stained, colored, painted, ornamented, or decorated, shall be subject to a duty of 5 per centum ad valorem in addition to the rates otherwise chargeable thereon.

PAR. 230.  *  *  *  and all glass or manufactures of glass or paste, or of which glass or paste is the component material of chief value, not specially provided for, 50 per centum ad valorem.

PAR. 218. Biological, chemical metallurgical, pharamaceutical, and surgical articles and utensils of all kinds, including all scientific articles, utensils, tubing, and rods, whether used for experimental purposes in hospitals, laboratories, schools or universities, colleges, or otherwise, all of the foregoing, *finished or unfinished*, composed wholly or in chief value of glass or paste, or a combination of glass and paste, 65 per centum ad valorem; illuminating articles of every description, including chimneys, globes, shades, and prisms, for use in connection with artificial illumination, all of the foregoing, *finished or unfinished*, composed wholly or in chief value of glass or paste, or a combination of glass and paste, 60 per centum ad valorem; all glassware commercially known as plated or cased glass, composed of two or more layers of clear, opaque, colored, or semitranslucent glass, or combinations of the same, 60 per centum ad valorem; table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass or paste, or combinations of glass and paste, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sand-blasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free, 55 per centum ad valorem; table and kitchen articles and utensils, composed wholly or in chief value of glass or paste, or a combination of glass and paste, when pressed and unpolished, whether or not decorated or ornamented in any manner or ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), whether filled or unfilled, or whether their contents be dutiable or free, 50 per centum ad valorem: *Provided*, That any of the articles specified in this paragraph, if containers of merchandise subject to an ad valorem rate of duty or to a rate of duty based in whole or in part upon the value thereof, shall be dutiable at the rate applicable to their contents, but not less than the rate provided for in this paragraph: *Provided further*, That for the purposes of this Act, bottles with cut-glass stoppers shall with their stoppers be deemed entireties.   (Italics ours.)

In the *Berger case*, supra, it was held that the merchandise was not dutiable under paragraph 218, for the reason that the pertinent portion of paragraph 218 was meant to include only finished articles,

and that the proper classification of the merchandise was under paragraph 230 for manufactures of glass or paste, not specially provided for, dutiable at 50 per centum ad valorem.

The merchandise, in the case at bar, is in a more unfinished state than was the merchandise in the Berger case, and, for the same reasons as were assigned therein, we hold that the unfinished watch crystal blanks, in controversy in this suit, should have been held by the board, to have been dutiable under paragraph 230, *supra.*

The judgment of the Board of General Appraisers is reversed and the cause is remanded for proceedings not inconsistent herewith.

*Reversed* and *remanded.*