UNITED STATES *v.* BERGER & CO. (No. 2558)[1]

1. CONSTRUCTION, PARAGRAPH 218, TARIFF ACT OF 1922—BLOWN-GLASS ARTICLES.

   Paragraph 218, Tariff Act of 1922, provides for certain scientific articles "finished or unfinished," and for illuminating articles "finished or unfinished." This language does not modify the provision for blown-glass articles, and it is deduced that only such of them as are finished are within the paragraph.

2. CONSTRUCTION, MATERIALS AND MANUFACTURES DISTINGUISHED—"WATCH CRYSTAL BLANKS."

   Pieces of cylinder glass known as "blanks for bracelet watches," to be made into watch crystals by cutting, fitting, grinding, and polishing, are not sufficiently advanced to be watch crystals under paragraph 238, Tariff Act of 1922; but they are too far advanced to be cylinder glass under paragraph 219, since they are fit for one use only. They are not within the provision of paragraph 218, for blown-glass articles, because that provision includes only finished articles. They are "manufactures of glass * * * not specially provided for," under paragraph 230.

United States Court of Customs Appeals, December 4, 1925

APPEAL from Board of United States General Appraisers, G. A. 8937 (T. D. 40687)

[Reversed and remanded.]

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.
*Curie, Lane & Wallace* (*Samuel Isenschmid* of counsel) for appellees.

---

[1] T. D. 41258.

[Oral argument Oct. 16, 1925, by Mr. Lawrence and Mr. Isenschmid]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

Merchandise, described in the invoice as "rough glasses for bracelet watches," consisting of oblong pieces of glass, slightly bent, 1¼ by three-fourths inches in size, made of cylinder glass, unpolished, bought and sold as "blanks for bracelet watches," and used in making crystals for such watches, was assessed for duty by the collector at 60 per centum ad valorem as watch crystals under paragraph 238 of the Tariff Act of 1922.

The importers contended before the Board of General Appraisers, and now claim, that the merchandise was dutiable under paragraph 219 of the Tariff Act of 1922 at the rate provided therein for cylinder glass, and, in addition thereto, at 5 per centum ad valorem under paragraph 224 of that act, for such glass when bent.

Paragraphs 219 and 224 read as follows:

PAR. 219. Cylinder, crown, and sheet glass, by whatever process made, and for whatever purpose used, unpolished, not exceeding one hundred and fifty square inches, 1¼ cents per pound; above that, and not exceeding three hundred and eighty-four square inches, 1⅜ cents per pound; above that, and not exceeding seven hundred and twenty square inches, 1⅝ cents per pound; above that, and not exceeding eight hundred and sixty-four square inches, 1¾ cents per pound; above that, and not exceeding one thousand two hundred square inches, 2 cents per pound; above that, and not exceeding two thousand four hundred square inches, 2¼ cents per pound; above that 2½ cents per pound: *Provided*, That unpolished cylinder, crown, and sheet glass, imported in boxes, shall contain fifty square feet, as nearly as sizes will permit, and the duty shall be computed thereon according to the actual weight of glass.

PAR. 224. Cast polished plate glass, silvered or unsilvered, and cylinder, crown, and sheet glass, by whatever process made, silvered or unsilvered, polished or unpolished, when bent, ground, obscured, frosted, sanded, enameled, beveled, etched, embossed, engraved, flashed, stained, colored, painted, ornamented, or decorated, shall be subject to a duty of 5 per centum ad valorem in addition to the rates otherwise chargeable thereon.

On the trial before the court below the importers established that the articles in question were not finished watch crystals; that in order to be used as such crystals they had to be cut to the sizes of the cases in which they were to be fitted, the edges had to be ground, and the glass polished.

It is also clear from the record that the articles in question are bought and sold and known as "blanks for bracelet watches," and not as cylinder glass although made from such glass. They are used for no other purpose than that of making bracelet watch crystals and only such as are oblong in shape.

The Government contended on the trial below, and makes the claim here, that the merchandise was properly assessed by the

collector under paragraph 238, *supra*, as watch crystals; but that, if not dutiable as watch crystals, it is dutiable either as "manufactures of glass" under paragraph 230, of the Tariff Act of 1922, or as "articles of every description * * *, composed wholly or in chief value of glass * * *, blown or partly blown in the mold or otherwise * * *," under paragraph 218 of that act.

Paragraphs 230 and 218, *supra*, read as follows:

PAR. 230. Stained or painted glass windows, and parts thereof; and all mirrors, not specially provided for, not exceeding in size one hundred and forty-four square inches, with or without frames or cases, 50 per centum ad valorem; and all glass or manufactures of glass or paste, or of which glass or paste is the component material of chief value, not specially provided for, 50 per centum ad valorem.

PAR. 218. Biological, chemical, metallurgical, pharmaceutical, and surgical articles and utensils of all kinds, including all scientific articles, utensils, tubing, and rods, whether used for experimental purposes in hospitals, laboratories, schools, or universities, colleges, or otherwise, all of the foregoing, finished or unfinished, composed wholly or in chief value of glass or paste, or a combination of glass and paste, 65 per centum ad valorem; illuminating articles of every description, including chimneys, globes, shades, and prisms, for use in connection with artificial illumination, all of the foregoing, finished or unfinished, composed wholly or in chief value of glass or paste, or a combination of glass and paste, 60 per centum ad valorem; all glassware commerically known as plated or cased glass, composed of two or more layers of clear, opaque, colored, or semitransluceent glass, or combinations of the same, 60 per centum ad valorem; table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass or paste, or combinations of glass and paste, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sand-blasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free, 55 per centum ad valorem; table and kitchen articles and utensils, composed wholly or in chief value of glass or paste, or a combination of glass and paste, when pressed and unpolished, whether or not decorated or ornamented in any manner or ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), whether filled or unfilled, or whether their contents be dutiable or free, 50 per centum ad valorem: *Provided*, That any of the articles specified in this paragraph, if containers of merchandise subject to an ad vaolrem rate of duty or to a rate of duty based in whole or in part upon the value thereof, shall be dutiable at the rate applicable to their contents, but not less than the rate provided for in this paragraph: *Provided further*, That for the purposes of this act, bottles with cut-glass stoppers shall with their stoppers be deemed entireties.

The Board of General Appraisers held that the merchandise in question was not dutiable as "watch crystals;" that it was made of blown glass and was not dutiable as "manufactures of glass * * *, not specially provided for," under paragraph 230, *supra*, because that paragraph did not cover glass blown or partly blown; and that it was not dutiable under paragraph 218, *supra*, because not *ejusdem generis* with the articles enumerated in that paragraph.

In sustaining the protest and in holding the merchandise dutiable as cylinder glass under paragraph 219, *supra*, with the additional rate of 5 per centum provided by paragraph 224, *supra*, for such glass when bent, the court below said:

> Now, this merchandise is cylinder glass cut from a bowl of blown glass. Admittedly it is cylinder glass in an *imperfect* and *incomplete shape*, and unfitted for the use to which it is ultimately applied. Unless this merchandise falls within paragraph 219 from its description and class it would be practically impossible to find any provision in the tariff act that would be applicable to it There was a purpose in the enactment of paragraph 219. It was to provide for "cylinder, crown, and sheet glass, by whatever process made, and for whatever purpose used, unpolished." The merchandise in question is *cylinder glass*, unpolished, and the facts that its process of manufacture was *cutting it from a bowl of blown glass*, and that it was *ultimately exclusively used for watch crystals*, would not take it out of the paragraph "by whatever process made and for whatever purpose used."
>
> All the facts and the law sustain the conclusion that the merchandise under consideration being *cylinder glass* falls within paragraph 219, with the addition of 5 per centum ad valorem under paragraph 224 by reason of the fact that it is bent. We so hold. (Italics ours.)

From the judgment entered by the trial court sustaining the protest the Government has appealed.

One of the witnesses for the importer testified in regard to the manufacture of the merchandise in question as follows:

> *       *       *       *       *       *       *
>
> Q. You didn't see these made, but have you seen the same kind made?—A. I have seen *something similar* made.
>
> Mr. ISENSCHMID. You mean on the other side?
>
> The WITNESS. On the other side.
>
> Q. How do they make them?—A. They take that out of part of a bowl, cut a piece of glass out of part of a bowl and drop them.
>
> Q. Out of part of a bowl?—A. Yes, sir.
>
> Q. How do they cut them to this size?—A. They cut them with a diamond, then they drop them, put them in an oven and drop them. *       *       * (Italics ours.)

It must be confessed that we are unable to get a clear understanding of the manufacturing process from this explanation. Probably it is open to the interpretation that the articles in question were made of unfinished cylinder glass, or it may be that the witness intended to be understood as saying that they were cut from a bowl of blown glass the blowing of which was the first process in the manufacture of the imported articles. But neither the intention of the witness nor an interpretation of his testimony need give us any concern as the stipulation of counsel for the parties that the merchandise was made of cylinder glass is determinative of that question. We quote from the record:

> Mr. ISENSCHMID. I understand the Government is willing to stipulate this is a cylinder glass.

Mr. CARTER. This is made out of cylinder glass.

Mr. ISENSCHMID. It is made of cylinder glass.

We assume, therefore, for the purposes of this case, that the articles in question are made of cylinder glass.

It is a matter of common knowledge that cylinder glass is made by a process of blowing a ball of viscous or molten glass into the form of a cylinder, which is split longitudinally, and, after being softened by the application of heat, is laid upon a smooth flat surface and flattened into sheet form. Encyclopedia Britannica, 11th ed. vol. 12 at pp. 93 and 94; New International Encyclopedia, vol. 8 at p. 756; Spon's Encyclopedia, vol. 2 at p. 1064.

The court below held, and correctly, so we think, that the articles in question were not watch crystals under paragraph 238, *supra;* and that they were used exclusively in the making of crystals for bracelet watches and were suitable for no other use. It has been conclusively shown that they have been advanced beyond the condition of material for several uses and are now capable, by reason of such advancement, of but one use only, namely, the making of crystals for bracelet watches. They are not known as cylinder glass but as "blanks for bracelet watches" and are bought and sold as such. They are, therefore, manufactures of cylinder glass, and having been excluded from other commercial uses they are not dutiable as material for such uses. *American Thermo-Ware Co.* v. *United States,* 6 Ct. Cust. Appls. 218, T. D. 35465; *United States* v. *Bache & Co.,* 7 Ct. Cust. Appls. 445, T. D. 37011.

Does this merchandise come within the provisions of paragraph 218, *supra?* We think not.

It will be noted that paragraph 218, *supra,* provides for "Biological, chemical, metallurgical, pharmaceutical, and surgical *articles* and utensils of all kinds, * * * *finished or unfinished,*" and for 'illuminating *articles* of every description, * * * *finished or unfinished,*" while the provisions under consideration in this case, for "*table* and *kitchen articles* and utensils, and all *articles* of every description not specially provided for, composed wholly or in chief value of glass or paste, or combinations of glass and paste, blown or partly blown in the mold or otherwise, or colored, * * * whether *filled or unfilled,* or *whether their contents* be dutiable or free" (italics ours), are not extended by any expression such as "finished or unfinished."

The insertion of such language in two of the preceding provisions of the paragraph and failure to insert it in the provisions under consideration, would seem to indicate that Congress intended to limit the latter provisions to finished articles. We are to some extent confirmed in this conclusion by the provisions, "whether filled or

unfilled, or whether their contents be dutiable or free." However, we do not mean to be understood as holding that, in order to come within these provisions, an article must be "susceptible of use as a container." In construing paragraph 98 of the tariff act of 1909, this court held that the words, "filled or unfilled," were not to be so interpreted. *Scientific Supply Importing Co.* v. *United States*, 5 Ct. Cust. Appls. 56, T. D. 34094.

From the relation of the provisions under consideration to the other provisions of the statute, and from the context, we think that Congress intended to provide therein for finished articles such as had been so processed as to fit them for their ultimate use.

It is admitted that these articles are not so processed. They are "blanks for bracelet watches," or, *unfinished* crystals for such watches, and, being unfinished articles, are not properly dutiable under the provisions of paragraph 218, *supra*, now under consideration. The merchandise being excluded from the provisions of paragraph 218, *supra*, for the reasons stated, it is unnecessary to consider other arguments and reasons advanced for its exclusion from these provisions.

The imported articles being manufactures of cylinder glass, they are included within the provisions of paragraph 230, *supra*, for "manufactures of glass or paste, * * * not specially provided for," and are dutiable thereunder at 50 per centum ad valorem. The importer having claimed in its protest that the merchandise was properly dutiable as "manufactures of glass or paste" under paragraph 230, *supra*, we think the board erred in not so holding.

The judgment is reversed and the cause remanded for proceedings consistent with the views herein expressed.

*Reversed* and *remanded*.