(C. D. 702)

SAMUEL SHAPIRO & CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 31, 1942)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Frank X. O'Donnell, Jr.,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: These are suits against the United States, arising at the port of Baltimore, brought to recover certain customs duties alleged to have been improperly exacted on particular importations invoiced as "square base candle sticks" and "round base candle sticks," imported from Shanghai, China. Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for, plus a tax on the copper contained therein under section 601 (c) (7) of the Revenue Act of 1932, concerning which tax there is no dispute.

It is claimed that the square-base candlesticks—a sample of which was admitted in evidence as exhibit 1—are properly dutiable at the rate of 35 per centum ad valorem under paragraph 353 of said act as parts, finished or unfinished, of articles having as an essential feature an electrical element or device. In regard to the brass candlesticks with round bases, in which bases it is claimed there are no holes, a sample of which was marked exhibit 2 for identification, these are claimed to be properly dutiable at the rate of 40 per centum ad valorem under paragraph 339 of said act as household utensils of brass not plated.

At the hearing, held at Baltimore on May 13, 1942, the plaintiff offered in evidence the testimony of Irving Rubin, treasurer of the Excello Public Service Corporation. He testified that he ordered the candlesticks with round bases without holes; that the candlesticks represented by exhibit 1 and by exhibit 2 for identification are used in homes as household utensils; that the candlesticks with the square base, like exhibit 1, can be electrified or may be used simply as candlesticks with candles in them; that all of the instant candlesticks are made of brass; and that he never saw any of such candlesticks used anywhere except in the home where he himself has used them.

On cross-examination the witness testified that the purpose of having the holes drilled in the bottom of the base of the candlestick was to enable electric wires and switches to be inserted therein so that the article might ultimately form part of an electric lamp; that if the witness was given an order for candlesticks 7 inches high, without any further specifications, he would not deliver to the customer candlesticks with holes in the base like exhibit 1; that candlesticks like exhibit 2 for identification are mostly sold as candlesticks; and that in order to convert them into lamp bases holes would have to be drilled in the base thereof.

Counsel for the Government offered in evidence the testimony of J. R. Prevost, examiner of merchandise at the port of Baltimore for the last 17 years, who testified that he passed upon the merchandise at bar; that he took official samples of both the square- and the round-base candlesticks, and that they all had holes drilled in the base; that none of the merchandise at bar was like exhibit 2 for identification, without any holes in the base; that the instant shipment was the first one in which there were round-base candlesticks with holes in the base; that he had passed previous shipments of round candlesticks without holes in the base as household utensils under paragraph 339; that the drilling of the holes in the bases was for the purpose of making the candlesticks into lamp bases; that the witness never knew either of these lamp bases or candlesticks to be used except in the home; and that if the merchandise had come in complete with the wires and

socket affixed thereto and ready for use, he would have passed it as a complete household utensil under paragraph 339.

On cross-examination the witness testified that in the case of entry 227, consisting of six cases, there were three cases ordered to the appraiser's stores for examination; that in none of those three cases were there any round-base candlesticks; that in the case of entry 712, covered by protest 79813–K, a total of eight cases were involved, one of which was ordered to the appraiser's stores for examination, and was found to contain 200 pairs of round-base candlesticks with holes in the bases.

It is evident from this record that all of the imported articles, while in the form of candlesticks, have two large holes in the base of each, admittedly designed for the insertion therein of electrical equipment to convert the article into an electric lamp base. Therefore, in spite of the fact that said articles are chiefly used in the home, in view of the fact that they are only parts of electric lamps these bases must be excluded from said paragraph 339 for the reason that that paragraph contains no provision for parts of household utensils. *United States* v. *Draeger Shipping Co.*, 18 C. C. P. A. 308, T. D. 44561.

Upon the established facts and the law applicable thereto all claims of the plaintiff must be and they hereby are overruled, and the decision of the collector in each instance is affirmed. Judgment will be rendered accordingly.