(C. D. 972)

A. W. FENTON CO. *v.* UNITED STATES

United States Customs Court, First Division

(Decided December 14, 1945)

*E. D. Howald* for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Dorothy C. Bennett,* special attorney), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

OLIVER, Presiding Judge: The merchandise involved in this case consists of a wooden boat measuring about 13 feet in length and valued at approximately $75. It was imported from Canada for use as a pleasure boat and entered at the port of Cleveland. It was classified by the collector under the provision for manufactures of wood in paragraph 412 of the Tariff Act of 1930 and duty at 33⅓ per centum ad valorem was assessed thereon accordingly. The protest claim is for duty at the rate of 15 per centum ad valorem as a motorboat under the provisions of paragraph 370 of the same act as modified by the trade agreement with Canada (T. D. 49752).

Paragraph 370, insofar as pertinent, reads:

* * * motor boats, and parts of the foregoing, 30 per centum ad valorem. The term "motor boat," when used in this Act, includes a yacht or pleasure boat, regardless of length or tonnage, whether sail, steam, or motor propelled, owned by a resident of the United States or brought into the United States for sale or charter to a resident thereof, whether or not such yacht or boat is brought into the United States under its own power, but does not include a yacht or boat used or intended to be used in trade or commerce, * * *.

The rate of duty was reduced to 15 per centum ad valorem by a provision of the foregoing trade agreement as to:

Motorboats, including yachts or pleasure boats, whether sail, steam, or motor propelled, valued at not more than $15,000 each.

The only testimony in the case is that of plaintiff's witness, who was the owner of the boat-selling organization which acquired the present importation. No evidence was introduced in support of the

collector's classification and the case was submitted on the testimony of the one witness. No brief was filed by either party.

It appears from the record that the boat in question, made of red cedar, varnished, was 13 feet long and 50 inches wide, had three seats, a round bottom, and was equipped with oarlocks. It was described by plaintiff's witness as "an outboard boat," and as to the shape of the rear of the boat it was described as "straight across the back and there's a place there for an outboard motor" (R. 3). Although the boat could be propelled by means of oars, for which purpose oarlocks were supplied, the evidence indicates that it is more often propelled by an outboard motor. Neither oars nor motor was imported with the boat. The witness further testified that it was imported for use exclusively as a pleasure boat (R.9).

In a digest of information concerning products on which concessions were granted by the United States in the trade agreement with Canada, published by the United States Tariff Commission, the following appears in volume II, page 3–44, under the heading "Motor Boats":

> The pleasure craft covered by paragraph 370 range from sea-going vessels of 2,000 gross tons and more to tiny outboards and sail boats, 7 or 8 feet long. The entire range may be classified according to the method of propulsion, as follows:
>
> (1) Steam yachts. * * *
> (2) Sailing craft. * * *
> (3) Motor craft. This is the outstanding group covered by paragraph 370; it too includes a wide range of sizes, from large Diesel yachts to small skiffs or canoes driven by outboard motors.
> (4) Motor sailers. * * *

In *United States* v. *Good Neighbor Imports, Inc.*, 33 C. C. P. A. 91, C. A. D. 321, decided November 5, 1945, our appellate court held that judicial notice may be taken of the information supplied in such digests of trade data published by the Tariff Commission, stating:

> It is obvious that the information supplied in the foregoing digests is pertinent to the issue here involved and that the court may take judicial knowledge thereof. Such information is not binding upon the court but it may be considered as bearing upon the identity of the merchandise under consideration.

In *United States* v. *Wepner*, 32 C. C. P. A. 30, C. A. D. 282, our appellate court, in discussing paragraph 370, stated:

> It will be observed that in the paragraph Congress legislatively defined the term "motor boat," and broadened its definition beyond the ordinary dictionary definitions of the term, in that it provided for the inclusion of yachts or pleasure boats propelled by sail or steam, as well as those propelled by motor, within the definition. Also, it provided, in effect, that all the yachts or pleasure boats should be subject to the duty *"regardless of length or tonnage."* [Italics quoted.]

It would seem clear that the boat in question falls within the comprehensive definition of "motor boat" contained in paragraph

370. We therefore hold it to be properly dutiable at 15 per centum ad valorem under said paragraph and the Canadian Trade Agreement, and the protest claim is sustained. Judgment will issue accordingly.