**No. 55650.**—Swank, Inc. *v.* United States, protests 147169–K and 147182–K (New York).

MOLLISON, Judge: Provision is made in the modification of paragraph 1531 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 1531) by the British Trade Agreement, T. D. 49753, for—

Belts and buckles designed to be worn on the person

at the rate of 17½ per centum ad valorem, and for—

Other articles

at the rate of 25 per centum ad valorem. The merchandise the subject of these protests, which were consolidated for trial and disposition, was entered and is claimed to be properly dutiable under the above provision for belts, but was classified by the collector and assessed with duty under the provision for "Other articles."

A sample of the merchandise which is before us as exhibit 1 shows it to be a man's leather belt finished in all respects save that provision for fastening a buckle to the end thereof had not been made in the imported article. Uncontroverted testimony offered at the trial established that belts are sold either with or without buckles, and it is clear from statements made in the brief filed on behalf of the defendant that the defendant's position in favor of the collector's classification and against the plaintiff's claim is not based upon the absence of a buckle in the imported article but upon the fact that, as imported, the said article is incomplete or unfinished in that a grommet necessary to fasten the buckle thereto must be added before the article can be worn as a belt or sold as a belt.

Counsel for the defendant, in support of the contention that unfinished articles are not dutiable as the articles themselves, unless language indicating such intention is employed, has cited the case of *United States* v. *Bata Shoe Co., Inc.*, 3 Cust. Ct. 607, Reap. Dec. 4667, wherein unfinished velvet boots, consisting of rubber soles and velveteen uppers, but lacking tongues, eyelets, and laces, were held not to be within the purview of the Presidential proclamation reported in T. D. 46158, which provided for appraisement upon the basis of American selling price in the case of "boots, shoes, or other footwear," the uppers of which were composed of certain materials or substitutes therefor, and the soles of which were composed of rubber or substitutes therefor. In reaching that conclusion, the court cited the case of *United States* v. *Carr*, 11 Ct. Cust. Appls. 345, T. D. 39147, which, it said—

\* \* \* held in substance that an *eo nomine* provision which contains no qualifying words or phrases to indicate whether or not only completely finished articles are intended to be covered thereby includes only such articles provided for as are "substantially completed when imported and as are then reasonably adapted to and suitable for use and service as such."

and held that the unfinished boots involved, being neither serviceable nor salable as such in the condition imported, were not covered by the provision for boots in the Presidential proclamation.

The rule of the *Carr* case, however, has been considerably modified by the later expression of our appellate court in the case of *Waltham Watch Co.* v. *United States*, 25 C. C. P. A. (Customs) 330, T. D. 49425, the gist of which is—

\* \* \* that an *eo nomine* provision in the tariff act, which contains no qualifying words or phrases to indicate whether or not only completely finished articles are intended to be covered thereby, includes an article which has been advanced to a point where its use as the article provided for is made clear, or its utility in any of its other possible uses has been destroyed.

The foregoing quotation is taken from the case of *Oxford University Press, N. Y., Inc.* v. *United States*, 20 Cust. Ct. 78, C. D. 1088, wherein the rule was applied as to incomplete electrotype plates. See also *Frank P. Dow Co., Inc.* v. *United States*, 6 Cust. Ct. 384, C. D. 500, relating to unfinished toothbrush handles.

An examination of the official sample in the light of the rule as thus delineated shows that it has been advanced to a point where its use as a belt is made clear and its utility in any of its other possible uses has been destroyed. It is, therefore, properly classifiable under the provision for belts in paragraph 1531, as modified by the British Trade Agreement, *supra*.

Judgment will issue sustaining the protest claim in each case accordingly.