(C.D. 2980)

HUDSON MERCHANDISE CO. *v.* UNITED STATES

United States Customs Court, First Division

(Decided April 25, 1967)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.
*Barefoot Sanders,* Assistant Attorney General (*Mollie Strum,* trial attorney), for the defendant.

Before OLIVER, WATSON, and RAO, Judges

OLIVER, Judge: The merchandise the subject of this protest, described on the invoice as "3 Minutes – Sandtimers," was classified by the collector as blown glass household articles under paragraph 218(f) of the Tariff Act of 1930, as modified by T.D. 51802 and T.D. 51898, with duty assessed at the rate of 50 per centum ad valorem.

Plaintiff's protest, as originally filed, claimed a dutiable rate of only 30 per centum ad valorem under a different provision of paragraph

218(f). However, by way of both written and oral amendment, plaintiff now claims that the imported items, representing either unfinished, or parts of, household articles, are properly encompassed within the provisions of paragraph 230(d) of the act, as modified by T.D. 54108, as glass, or manufactures of glass, not specially provided for, at the rate of 21 per centum ad valorem.

Paragraph 218(f), as modified by T.D. 51802 and T.D. 51898, reads as follows:

Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sandblasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free (except articles primarily designed for ornamental purposes, decorated chiefly by engraving and valued at not less then $8 each) :

\*     \*     \*     \*     \*     \*     \*

Other_____ 50¢ on each article or utensil, but not less than 30% nor more than 50% ad val., identified only as to articles or utensils valued at less than $1 each.

By subsequent trade agreement,[1] the duty rate of paragraph 218(f) was reduced to 30 per centum ad valorem except for table, kitchen, and household articles.[2]

Mr. Bernard Lubow, identified as the owner of the importing company, testified on behalf of the plaintiff that his firm imports the instant merchandise and sells it to people who make advertising specialties and other items for household use. The glass timers, small hourglass tubings containing sand, as represented by plaintiff's exhibit 1, are never used commercially in their imported condition but are placed in some kind of housing or stand before sale or distribution to the ultimate consumer. Plaintiff's exhibit 2 illustrates the timers placed in a stand or rather two plastic stands—one at each end of the glass tube. Exhibit 3 illustrates a timer with a housing or holding unit to which is attached a clip-on device. Lubow testified that there are several ways to use the imports, e.g., to time telephone conversations or as egg timers, and that his company buys and sells the glass imports as sand timers or egg timers. He further testified that nothing remained to be done to the glass itself subsequent to importation.

There is no question that the imported sand timers are ultimately and chiefly used in the household, the same being conceded at trial by plaintiff. Plaintiff maintains, however, that, in their imported

---

[1] T.D. 53865, supplemented by T.D. 53877.

[2] Other exceptions, not pertinent here, were also excluded from duty reduction.

state, they are either unfinished articles or parts of other articles, and following the decisions of the court of appeals in the cases of *United States* v. *American Express Co.*, 13 Ct. Cust. Appls. 350, T.D. 41255, and *United States* v. *Berger & Co.*, 13 Ct. Cust. Appls. 362, T.D. 41258, they are excluded from the provisions of paragraph 218(f).

The defendant relies upon the decision of this court in *William Adams, Inc.* v. *United States*, 51 Cust. Ct. 126, C.D. 2419, for disposition of the issue at bar. In that case, we had before us imported glassware articles, each with a small hole drilled through the bottom to serve as a means for attaching various types of metal bases. They had been assessed with duty as glass household articles and were claimed to be dutiable either as other glass articles in paragraph 218(f) or as manufactures of glass under paragraph 230(d). We held them to be unfinished household articles that had been so far processed as to fit them for no other useful purpose and, as such, dutiable as assessed. We applied the unfinished article doctrine used by our appellate court in the case of *Waltham Watch Co.* v. *United States* (*Jaeger Watch Co., Inc., Party in Interest*), 25 CCPA 330, T.D. 49425.

Since the trial of the instant case and subsequent to the filing of the respective briefs herein, this court has had occasion to reconsider its determination in the *William Adams* case, *supra*, and, based in part upon the existence of additional evidence, we departed from our holding in that case in *William Adams, Inc.* v. *United States*, 56 Cust. Ct. 429, C.D. 2670 (hereinafter referred to as the second *Adams* case). After examining more potent sample evidence and listening to an argument made but not stressed in the first *Adams* case, we held that the glass imports formed only parts of metal and glass assemblies, and, there being no provision for "parts of table or household articles" in paragraph 218(f), as modified, they were found not susceptible to classification thereunder. The glass dishes and metal bases were finished products in themselves but required assembly together to complete the article which was used in the home. On reconsideration, we determined that the glass dishes were unlike the unfinished articles the subject of the *Waltham* decision and were not to be governed by the principle of law applied in that case.

We also took note of the grammatical similarity between the provision for household utensils in paragraph 339 and that for household articles in paragraph 218(f), as well as case-law holdings that articles, requiring other parts in order to be useful in the home, will not fall within the scope of paragraph 339 for the reason that no provision is made for parts of household utensils. Cf. *United States* v. *J. E. Bernard & Company, Inc.*, 42 CCPA 141, C.A.D. 586; *John L. Westland & Son, Inc.* v. *United States*, 35 Cust. Ct. 292, Abstract 59419; *Samuel Shapiro & Co., Inc.* v. *United States*, 9 Cust. Ct. 246, C.D. 702.

In reaching our conclusion in the second *Adams* decision, *supra*, we recognized that—

* * * where there is no provision for "parts" of articles, whether the tariff provision be *eo nomine* or use in character, imported merchandise held to be "parts" will not be susceptible of classification thereunder.

In the instant case, the oral testimony of plaintiff's witness Lubow, as well as the exhibit evidence, establishes a fact situation similar in essentials to that before us in the second *Adams* case. The imported blown tubular glass articles, or sand timers as they are referred to on the invoice, are unused and, practicably speaking, unusable in the home without the addition of plastic stands, housings, or similar units. The glass and plastic products are finished items in themselves but require assembly together to complete the article which is concededly used in the household. The glass imports represent but a portion of the thing described in the collector's classification, and they are distinguishable from an article imported in an unfinished condition. *Jack Schaefer, Inc.* v. *United States*, 11 Cust. Ct. 78, C.D. 798; *Roberts Mfg. Co.* v. *United States*, 6 Cust. Ct. 259, C.D. 477; *The May Co.* v. *United States*, 64 Treas. Dec. 295, T.D. 46650.

Defendant has cited several cases in its brief purporting to justify the holding of our first *Adams* decision and the collector's classification in this case. Of these cases, however, only one dealt with merchandise found to be parts. Although unfinished, the items were held dutiable under a provision for "parts" in paragraph 372, *Oxford University Press, N.Y., Inc.* v. *United States*, 20 Cust. Ct. 78, C.D. 1088. In three other cases, to wit: *Frank P. Dow Co., Inc.* v. *United States*, 6 Cust. Ct. 384, C.D. 500 (unfinished toothbrush handles); *Swank, Inc.* v. *United States*, 26 Cust. Ct. 454, Abstract 55650 (unfinished belts); *Norge Division, Borg-Warner Corp.* v. *United States*, 44 Cust. Ct. 121, C.D. 2164 (unfinished packing boxes), the merchandise was held to be the thing described in the tariff provision but requiring further processing and, thereby, similar to the merchandise and legal principle set forth in the *Waltham* decision, *supra*. The case of *Nestle-Lemur Company* v. *United States*, 37 Cust. Ct. 209, C.D. 1825, also relied upon by the defendant, involved merchandise which was found to meet the definition and tariff description of both a sprinkler top in paragraph 390 and a brush, not specially provided for, in paragraph 1506 and, by virtue of the provisions of paragraph 1559, it was held to be dutiable at the higher rate provisions in paragraph 1506. No question of unfinished articles or parts of articles was involved and the *Waltham* case, *supra*, was neither discussed nor applied. Finally, defendant's

brief refers to the case of *William M. Barber et al.* v. *United States*, 6 Cust. Ct. 340, C.D. 492, where boats, complete except for the attachment of a motor, were specifically held not to be parts of motorboats under paragraph 370 but motorboats in an unfinished state. The court stated that it was applying, though reluctantly, the rule announced or followed in *Waltham*. However, since the *Barber* case, *supra*, this court has several times recognized that boats, equipped or geared to be operated by motors, are themselves "motorboats" within the broadened definition of that term in paragraph 370. *A. W. Fenton Co.* v. *United States*, 15 Cust. Ct. 200, C.D. 972; *Robert E. Landweer* v. *United States*, 23 Cust. Ct. 171, Abstract 53576; *The Newman Company* v. *United States*, 57 Cust. Ct. 117, C.D. 2739.

In view of our finding herein, i.e., that the glass items form complete and independent parts of articles used in the home, we hold that the collector's classification of the imports as household articles is erroneous inasmuch as the applicable modified provision of paragraph 218 (f) does not provide for parts of the merchandise described.

As mentioned previously, plaintiff's claim for classification under the provisions of paragraph 230 (d) is predicated upon the view that paragraph 218 (f) does not embrace articles which are parts or articles imported in an unfinished condition, citing the cases of *United States* v. *American Express*, *supra*, and *United States* v. *Berger*, *supra*. Both of these cases, as plaintiff correctly points out in its brief, deal only with the question of unfinished glass articles, that is, pieces of cylinder glass requiring cutting, fitting, grinding, and polishing for use as watch crystals. No authority has been cited to sustain the view that paragraph 218 (f) cannot embrace finished articles which, when put to use, are parts of other articles. In the second *Adams* case, *supra*, we specifically held that glass articles, when imported in a finished condition and otherwise satisfying the descriptive requirements of the paragraph, though they be parts of household articles, are properly classifiable within the residuary provision of paragraph 218 (f) calling for all other glass articles of every description, and as such, they are more accurately described than under the broader provisions of paragaph 230 (d). We apply our analysis in that decision to the instant case and bolster it by reference to two further cases involving the scope of paragraph 218 (f).

The case of *United States* v. *Koons, Wilson & Co.*, 15 Ct. Cust. Appls. 352, T.D. 42512, cited in defendant's brief, involved importations of black glass lamp bases for electric lamps assessed for duty as illuminating articles under paragraph 218 of the Tariff Act of 1922. The evidence established that, when in use, the bases are parts of such

lamps. The court of appeals, in affirming the decision of the trial court, held that the bases were not illuminating articles which pass or reflect light but were dutiable as blown glass articles within the undivided provisions in the same paragraph calling for "* * * table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass or paste, * * *."

Under the 1930 Tariff Act in *F. H. Kaysing* v. *United States*, 49 CCPA 69, C.A.D. 798, the appellate court upheld the classification of plastic vial units by similitude in use to blown glass articles within the modified version of paragraph 218(f) (modified by T.D. 53865 and T.D. 53877) providing for all articles of every description, wholly or in chief value of glass, not specially provided for. The units consisted of clear plastic disks about 1⅜ inches in diameter and ⅝ of an inch thick with a barrel-shaped cavity extending across the diameter between the flat disk surfaces. Each end was sealed with a plastic plug to contain a clear colorless liquid. In use, the units were inserted into a frame of either metal or wood to form a level such as is used by masonry workers or carpenters. Thus, despite the manner in which they were ultimately used, the court found no inherent prohibition in classifying such items within the scope of the residuary provision in paragraph 218(f).

Plaintiff's original protest claimed classification at 30 per centum ad valorem under paragraph 218(f), as modified, presumably within what we have referred to as the residuary provision of that paragraph. By a written motion of amendment filed May 21, 1965, the claim under the provisions of paragraph 230(d) was added to the original claim. However, by later oral amendment at the trial, and as dealt with in its brief, plaintiff took the position that the merchandise was not properly within any of the provisions of paragraph 218. Therefore, due to this final posture of the issue and based upon the conclusions reached in our decision, we are constrained to overrule the protest as prosecuted, without affirming the collector's classification. Judgment will be entered accordingly.