(C.D. 3075)

HUDSON MERCHANDISE CO. *v.* UNITED STATES

United States Customs Court, First Division

(Decided August 2, 1967)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General (*Mollie Strum*, trial attorney), for the defendant.

Before WATSON and RAO, Judges, and OLIVER, Senior Judge

OLIVER, Judge: This case is before us again pursuant to an ORDER of this court, dated August 2, 1967, granting plaintiff's motion to set aside our original decision and judgment, dated April 25, 1967 (58 Cust. Ct. 341, C.D. 2980) ; to order a rehearing insofar as to permit the claim in the protest for classification at 30 per centum ad valorem under paragraph 218(f), as modified, to be revived; and to render an amended judgment order sustaining this revived claim.

The involved merchandise consists of small, blown, hourglass tubings containing sand but requiring stands or housing units of some kind for use in the home as egg timers and the like. The collector had classified them with duty at 50 per centum ad valorem as household articles under paragraph 218(f) of the Tariff Act of 1930, as modified by T.D. 51802 and T.D. 51898. By virtue of its protest as originally filed, plaintiff claimed they were dutiable as other blown glass articles in paragraph 218(f), as modified by T.D. 53865 and supplemented by T.D. 53877. By oral and written amendment thereto, plaintiff purported to add a claim under the provisions of paragraph 230(d) of the act, as modified by T.D. 54108, as glass, or manufactures of glass, not specially provided for, dutiable at the rate of 21 per centum ad valorem.

No further mention of the original claim under paragraph 218(f) was ever made and, in its brief, plaintiff argued, by way of analysis

from judicial precedent, that the imported articles were not properly encompassed within *any* of the provisions of paragraph 218(f), requiring classification in the basket provision of paragraph 230(d). This court held, however, following the analysis of these same tariff provisions in *William Adams, Inc.* v. *United States*, 56 Cust. Ct. 429, C.D. 2670, that, although the imports were definitely only parts of household articles and the collector's classification was consequently erroneous, they were, nevertheless, blown glass articles within the purview of the residuary provisions of paragraph 218(f). We were constrained to overrule the protest as finally prosecuted since plaintiff had taken an unalterable position that left its initial claim not only not pressed but seemingly rejected.

The Government opposed plaintiff's motion to revive this claim and argued that cases should be tried on the basis of the issues as drawn by the parties and, further, that the court should not be put in a position of issuing "advisory opinions."

While, generally speaking, we are in agreement with these views, due to the scope of the issue as originally drawn and to the fact that the court's recent stand on this issue, as expressed in the *William Adams* case, *supra*, was promulgated after the trial and briefing in this case, we feel that the interests of justice will best be served in this situation by allowing plaintiff's original claim.

Therefore, in view of our decision on the merits on April 25, 1967, and pursuant to the Order of August 2, 1967, granting, *inter alia*, the reinstatement of plaintiff's claim for duty at 30 per centum ad valorem under paragraph 218(f), as modified, *supra*, we will now sustain the protest as presently drawn *and* prosecuted.

Judgment will be rendered accordingly.