59 CCPA

**FINN BROS., INC., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5433.**

United States Court of Customs and Patent Appeals.

Feb. 17, 1972.

Walter E. Doherty, Jr., Boston, Mass., attorney of record, for appellant.

L. Patrick Gray, III, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, James Caffentzis, New York City, for the United States.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and RE, Judge, United States Customs Court, sitting by designation.

ALMOND, Judge.

This is an appeal by the importer from the decision and judgment of the First Division of the United States Customs Court [1] wherein it was held that certain imported ivory roses were properly classifiable under the provision for jewelry, item 740.35, Tariff Schedules of the United States (TSUS), dutiable at 55 per centum ad valorem.

Appellant claimed alternatively that the merchandise was dutiable (1) as imitation gemstones under item 741.35, TSUS, at the rate of seven per centum ad valorem; or (2) as semiprecious stones, cut but not set, and suitable for use in the manufacture of jewelry, under item 520.39, TSUS, at the rate of five per centum ad valorem; or (3) as articles not specially provided for of ivory, under item 792.60, TSUS, at the rate of 12 per centum ad valorem.

The statutes involved are:

Tariff Schedules of the United States:

General Headnotes and Rules of Interpretation

\*   \*   \*   \*   \*   \*

10. *General Interpretative Rules.* For the purposes of these schedules —

\*   \*   \*   \*   \*   \*

(h) unless the context requires otherwise, a tariff description for an article covers such article, whether assembled or not assembled, and whether finished or not finished;

\*   \*   \*   \*   \*   \*

*Government's Claim:*

Schedule 7, Part 6, Subpart A

\*   \*   \*   \*   \*   \*

Jewelry and other objects of personal adornment not provided for in the foregoing provisions of this part (except articles excluded by headnote 3 of this part), and parts thereof:

\*   \*   \*   \*   \*   \*

740.35 Valued over 20 cents but not over $5 per dozen pieces or parts . . . . . . 55% ad val.

*Appellant's Claims:*

Schedule 7, Part 6, Subpart B

\*   \*   \*   \*   \*   \*

*Subpart B headnotes:*

1. For the purposes of the tariff schedules, the term "imitation gemstones" means glass, plastics, or other materials made into shapes suitable for use in jewelry or for other ornamental purposes in a manner similar to natural gemstones, whether or not in imitation thereof, but does not include natural gemstones, synthetic gemstones, reconstructed natural gemstones, or imitation pearls.

\*   \*   \*   \*   ، \*   \*

741.35 Imitation gemstones (except imitation gemstone beads)   7% ad val.

1. 65 Cust.Ct. 252, C.D. 4685 (1970).

Schedule 7, Part 13, Subpart C

\* \* \* \* \* \*

Articles not specially provided for:

\* \* \* \* \* \*

792.60 Of Ivory . . . 12% ad val.

Schedule 5, Part 1, Subpart H

\* \* \* \* \* \*

*Subpart H headnotes:*

1. The provisions of this subpart do not cover—

\* \* \* \* \* \*

(vi) jewelry and other articles provided for in part 6 of schedule 7.

\* \* \* \* \* \*

Precious and semiprecious stones, cut but not set, and suitable for use in the manufacture of jewelry:

\* \* \* \* \* \*

520.39 Other . . . . . 5% ad val.

The issues presented are:

1. Whether the trial court erred in finding that the imported carved ivory roses were unfinished jewelry and, therefore, properly classifiable by virtue of General Interpretative Rule 10(h) under item 740.35, TSUS, as jewelry.

2. Whether the Customs Court was correct in holding that the imitation gemstone provision does not include unfinished jewelry.

3. Whether the importations are "materials \* \* \* suitable for use \* \* in a manner similar to natural gemstones."

4. Whether the importations are semiprecious stones.

The record consists of the testimony of one witness and a number of exhibits, all introduced by appellant.

The witness, Alvan D. Finn, president of appellant corporation, testified that appellant is engaged in the importation of stones which are sold to manufacturers of jewelry. He was familiar with the manner in which jewelry is made, and his testimony dealt in part with the following exhibits: Exhibit 1 consisting of ivory roses, identical to the imported merchandise except as to size. Exhibit 2 consisting of a simulated leaf of a flower and an earring back. Each piece of this exhibit contains a rod which fits into a hole in the back of the carved ivory rose. The two pieces are then secured by epoxy, resulting in either a pin or an earring. Exhibits 3, 4 and 5, consisting of advertisements illustrating how the ivory roses are used in different types of jewelry. Exhibit 6 representing a carved coral rose flower used in a manner similar to the imported merchandise. As with the carved ivory roses, the witness demonstrated how exhibit 6 could be set on a pin with a rod (exhibit 7) and secured with epoxy. Exhibit 8 consisting of a gold brooch set with diamonds, emeralds, and opals, having a retail value of approximately $2,000 (photographically represented before us as exhibit 8–A). Exhibit 9 representing a jade-pearl pin and an ivory rose pin (photographic exhibit 9–A).

Finn testified that the opal (exhibit 8) and the jade (exhibit 9) were attached in a manner similar to the carved ivory rose pin and that precious and semiprecious gemstones are used in jewelry in a manner similar to the carved ivory rose (exhibit 9). It was his view that precious gemstones consist of diamonds, rubies, emeralds and sapphires, with all others being semiprecious, and that ivory is not a natural gemstone. He opined that an imitation gemstone is a manufacture that is used or looks like a natural stone, citing ivory, plastic, glass, and wood as materials usable to make imitation gemstones.

The Customs Court found, and we agree, that the imported carved ivory roses were embraced within the jewelry provision of item 740.35, TSUS. The court said:

It is settled that, if an item in its imported condition has been so far advanced beyond the stage of materials as to be dedicated to and commercially fit only for use as a particular article, it is properly classifiable, albeit in an unfinished condition, under the *eo nomine* designation for that article. United States v. Borrelli & Vitelli, 9 CCPA 291, T.D. 45467 (1932); Hecht Pearl

Co. (Inc.) v. United States, 18 CCPA 171, T.D. 44375 (1930); United States v. May Department Stores Co., 15 Ct. Cust.Appls. 46, T.D. 42151 (1927); D. Lisner & Co., Inc., v. United States, 40 Cust.Ct. 104, C.D. 1967 (1958).

This rule of construction with respect to unfinished articles, which had been developed under earlier tariff statutes, was subsequently incorporated in General Interpretative Rule 10(h) of the Tariff Schedules which provides that—

> unless the context requires otherwise, a tariff description for an article covers such article, whether assembled or not assembled, and whether finished or not finished * * *.

Our assessment of the record before us compels the conclusion that the imported ivory roses are dedicated to use exclusively in the making of jewelry. Taking the importation in its condition when imported, and depending on the type of jewelry desired to be made, the only process needed to be applied is to secure the roses to an earring back or pin. We find that in its imported condition the merchandise had been so far advanced beyond the stage of materials as to be dedicated to and commercially fit only for use as jewelry. Its status was that of unfinished jewelry or parts of jewelry, and hence it is properly classifiable as jewelry. This pronouncement is amply supported by apt judicial precedent. For example, in United States v. Cohn & Rosenberger, Inc., 19 CCPA 137, T.D. 45259 (1931), carved bone roses were classified as unfinished jewelry since they were used only, and suitable for use only, when drilled and fitted with pins or hangers, as brooches, pendents, and earrings.

■■ Since the imported carved ivory roses are considered unfinished jewelry or parts of jewelry, it follows that they must be classified under item 740.35, TSUS, an *eo nomine* provision, rather than under the items alternatively claimed by appellant. That is, articles which are advanced to the stage of being dedicated solely to use in jewelry are not classifiable as imitation gemstones under item 741.35. Likewise, headnote 1(vi) to schedule 5, part 1, subpart H, prohibits the classification of jewelry under that subpart, thus precluding classification under item 520.39. Similarly, since item 740.35, which provides for jewelry and parts thereof, is more specific than the "basket" provision of item 792.60 for articles of ivory not specially provided for, the imported merchandise cannot be classified under item 792.60.

For emphasis, we think it bears repeating that the merchandise in issue, carved ivory roses, constitutes a complete entity except for the attachment of an earring back, hook or pin, for use as an earring or brooch, or necklace, bracelet, or pendant and therefore is unfinished jewelry, as held by the Customs Court, or parts of jewelry. In either case, classification under item 740.35 is proper.

We have considered the contentions advanced by appellant and the arguments and cases cited in support thereof. We are not persuaded of error in the decision of the Customs Court that:

> * * * the carved ivory roses herein are properly classifiable, by virtue of General Interpretative Rule 10(h), under item 740.35 which, at the time of entry, provided for jewelry and other objects of personal adornment valued over 20 cents but not over $5 per dozen pieces or parts, at the rate of 55 per centum ad valorem.

We, accordingly, affirm the judgment of the Customs Court.

Affirmed.