(C.D. 4404)

L & B Products Corp. v. United States

(Decided January 29, 1973)

*Rode & Qualey* (*William E. Melahn* of counsel) for the plaintiff.

*Harlington Wood, Jr.*, Assistant Attorney General (*Andrew P. Vance* and *James Caffentzis*, trial attorneys), for the defendant.

Landis, Judge: This case [1] involves glass articles imported from

---

[1] The case covers three protests ordered consolidated for all purposes.

Canada without covers, valued not over 30 cents each, and assessed at 50 per centum ad valorem under TSUS (Tariff Schedules of the United States), schedule 5, part 3, subpart C, item 546.52 as:

> Articles [of glass] chiefly used in the household or elsewhere for preparing, serving, or storing food or beverages, or food or beverage ingredients; * * * not specially provided for:

> \*    \*    \*    \*    \*    \*    \*

> Other:

| | | |
|---|---|---|
| 546.52 | Valued not over $0.30 each_____ | 50% ad val. |

The substance of plaintiff's complaint is that the glass articles, in the condition imported, to wit: without covers, are not "reasonably, practically or commercially suitable for any use". Plaintiff seeks judgment that the imported glass articles are, therefore, properly classifiable under the tariff basket provision for all "[a]rticles not specially provided for, of glass" dutiable under TSUS item 548.05 at 22 per centum ad valorem.

The facts of record in this case are stipulated by the parties. The stipulation is to the effect that the glass articles are of three different sizes with threaded tops, imported without covers. Samples of the imported articles without covers are also stipulated in evidence.[2] In the condition imported, without covers, the glass articles are containers or jars of a sort. The parties have further stipulated that in that condition the imported articles are "not reasonably, practically or commercially suitable for use as sugar jars or pourers or as salt or pepper jars or pourers"; that after importation the glass articles are "combined by twisting together with suitable covers * * * and when so combined are reasonably, practically, or commercially suitable for use as sugar jars or pourers * * * or as salt or pepper shakers * * * and are so chiefly used." [3]

Plaintiff contends that the stipulated facts establish that, in the condition imported without covers, the imported glass articles are not articles chiefly used in the household or elsewhere for preparing, serving, or storing food or beverages, or food or beverage ingredients, but merely parts of such articles,[4] to wit, parts of sugar dispensers or salt and pepper shakers. Since the classifying provision for articles chiefly used in the household or elsewhere does not make provision

---

[2] Exhibits 1, 2, and 3.

[3] Exhibits 1–A, 2–A, and 3–A are samples of the imported glass articles with metal covers of the class or kind for salt or pepper shakers or for controlling poured sugar for table use.

[4] TSUS General Interpretative Rule 10 (ij) provides as follows:

(ij) a provision for "parts" of an article covers a product solely or chiefly used as a part of such article, but does not prevail over a specific provision for such part.

for parts of such articles, it is plaintiff's position that, as a matter of law, the imported glass articles are not classifiable under TSUS item 546.52 but under the TSUS item 548.05 basket provision for all articles of glass, not specially provided for. To support the position plaintiff principally cites and discusses *William Adams, Inc.* v. *United States*, 56 Cust. Ct. 429, C.D. 2670 (1966);[5] *Hudson Merchandise Co.* v. *United States*, 58 Cust. Ct. 341, C.D. 2980 (1967), *decided on rehearing*, 59 Cust. Ct. 67, C.D. 3075 (1967); *Arthur J. Humphreys, Packard-Bell Electronics* v. *United States*, 59 Cust. Ct. 231, C.D. 3128, 272 F. Supp. 951 (1967), *affirmed on appeal, Id.* v. *Id.*, 56 CCPA 67, C.A.D. 956 (1969); and, in its reply brief, *United States* v. *Baldt Anchor, Chain & Forge Division of the Boston Metals Co., Albert Maurer Company*, 59 CCPA 122, C.A.D. 1051 (1972).

Defendant argues that the stipulated facts establish that the imported glass articles are unfinished articles chiefly used in the household or elsewhere and dutiable under TSUS item 546.52 pursuant to the statutory (i.e. as a matter of law) classifying rule that:

> unless the context requires otherwise, a tariff description for an article covers such article, whether assembled or not assembled, and whether finished or not finished.[6]

Answering plaintiff's contention that the imported glass articles are parts, defendant states that "it does not necessarily follow that they cannot be unfinished glass articles chiefly used for storing or serving food", citing *United States* v. *Cartier (Inc.)*, 15 Ct. Cust. Appls. 334, T.D. 42493 (1927); *Finn Bros., Inc.* v. *United States*, 59 CCPA 72, C.A.D. 1042, 454 F.2d 1404 (1972), and distinguishing, *William Adams, Inc.* v. *United States, supra*, relied on by plaintiff, with a discussion of *Authentic Furniture Products, Inc.* v. *United States*, 68 Cust. Ct. 204, C.D. 4362, 343 F. Supp. 1372 (1972), *appeal pending*, C.A. (Customs Appeal) 5518.

The cases cited and discussed by both sides point up the difficulties associated with the tariff question of whether imported articles are a "part" of a classified article or the classified article "unfinished". However, that question, in my judgment, is irrelevant in this case because neither the customs classification under item 546.52 nor the claimed classification under item 548.05 provides for "parts". Both of those items are duty provisions for articles of glass. TSUS item

---

[5] The case was a retrial of the decision rendered in an earlier case, *William Adams, Inc.* v. *United States*, 51 Cust. Ct. 126, C.D. 2419 (1963).

[6] TSUS, General Interpretative Rule 10 (h).

546.52 classifies articles of glass chiefly used in the household or elsewhere for preparing, serving, or storing food or beverages, or food or beverage ingredients, not specially provided for. TSUS item 548.05 is in essence the basket provision for all articles of glass not specially provided for.[7] In the context of those competing classifications and contrary to the arguments projected by both sides, whether the imported glass articles be considered "parts" of articles chiefly used in the household or elsewhere or "unfinished" articles chiefly used in the household or elsewhere is not the decisive question or issue in determining the case at bar. Cf. *D. N. & E. Walter & Co. et al.* v. *United States*, 44 CCPA 144, C.A.D. 652 (1957).

Weighing the record as stipulated and submitted for decision, I am brought to conclude that plaintiff has failed to overcome the presumption that the imported glass articles, in the condition imported, are articles chiefly used in the household or elsewhere, dutiable under TSUS item 546.52.

Plaintiff in its complaint alleged that customs wrongly classified the imported glass articles as articles of glass of a class or kind chiefly used in the household or elsewhere for preparing, serving, or storing food or beverages, or food or beverage ingredients [8] because it would prove that, in the condition imported, the said merchandise "must be combined with tops [covers] before * * * [it] is reasonably, practically or commercially suitable for any use". The parties agree that in the condition imported, without covers, the merchandise is not reasonably, practically, or commercially *suitable for use as sugar jars* [9] *or pourers or salt or pepper jars or pourers*. After importation it is also agreed that the imported articles are combined with suitable covers for use as sugar, salt or pepper dispensers, and with covers of that class or kind, the parties agree that the imported glass articles are chiefly used as sugar, salt or pepper dispensers. What plaintiff has negated is specific use of the imported glass articles, in the condition imported, as sugar, salt or pepper dispensers. *What it has not negated* is the presumption that, in the condition imported, the jars are "articles" chiefly used in

---

[7] Tariff Classification Study, Schedule 5, page 145.

[8] TSUS, General Interpretative Rule 10(e)(i) provides as follows:

(e) in the absence of special language or context which otherwise requires—

(i) a tariff classification controlled by use (other than actual use) is to be determined in accordance with the use in the United States at, or immediately prior to, the date of importation, of articles of that class or kind to which the imported articles belong, and the controlling use is the chief use, i.e., the use which exceeds all other uses (if any) combined.

[9] The parties, for the purposes of the stipulation, agreed to refer to the imported merchandise as jars (stipulation, pars. 2 and 4).

the household or elsewhere for preparing, serving, or storing food or beverages, or food or beverage ingredients. Sugar, salt, or pepper dispensers are, to be sure, articles chiefly used in the household or elsewhere, but on the other hand, "articles" chiefly used in the household or elsewhere for preparing, serving, or storing food or beverages, or food or beverage ingredients are of a significantly broader class than just sugar, salt, or pepper dispensers.

The threaded top on the imported articles substantiates that they are intended to be used with a cover. Plaintiff's emphasis on the use of the imported articles, *after importation with a cover*, of the class or kind used on sugar, salt, or pepper dispensers, does not, however, discredit the presumptive use of the imported articles, *in the condition imported without covers*, as articles of the class or kind used in the household or elsewhere for preparing, serving, or storing food or beverages, or food or beverage ingredients.[10] The cover does not add any new dimension to the imported articles as "articles" chiefly used in the household or elsewhere but merely points up one particular use of such articles in the household or elsewhere (i.e. with covers as sugar, salt, or pepper dispensers).

Customs is presumed to have found each and every fact necessary to support the presumptively correct classification as articles of glass, chiefly used in the household or elsewhere for preparing, serving, or storing food or beverages, or food or beverage ingredients. *Novelty Import Co., Inc.* v. *United States*, 53 CCPA 28, C.A.D. 872 (1966). Plaintiff has failed to establish that the articles here classified, in the condition imported, are not so chiefly used. It has not, therefore, overcome the presumption of correctness attaching to the customs classification. *United States* v. *Topps Chewing Gum, Inc.*, 58 CCPA 157, C.A.D. 1022, 440 F.2d 1384 (1971).

The protests here consolidated are overruled. Judgment will be entered accordingly.

---

[10] Plaintiff's evidence is palpably weaker than the evidence in *William Adams, Inc.* v. *United States*, 56 Cust. Ct. 429, 432, C.D. 2670 (1966), relied on by plaintiff, where it was "testified that the imported items, with a hole drilled therein, are not usable as imported, and that they are never sold to consumers in such condition", and in *Hudson Merchandise Co.* v. *United States*, 58 Cust. Ct. 341, 342, C.D. 2980 (1967), where it was testified that the glass timers "are never used commercially in their imported condition but are placed in some kind of housing or stand before sale or distribution to the ultimate consumer." See also, *Ikora, Inc.* v. *United States*, 66 Cust. Ct. 262, C.D. 4202, 325 F. Supp. 905 (1971). Chief use is not the intended use, at the time of importation of a particular importation, but the chief use, at the time of importation, of articles of the class or kind to which the particular imported articles belong, see n. 8.